J. V. CARTER v. J. F. TALLANT.

1. NOTES, *Action on — Pleadings — Appearance — What is.* Plaintiff brought suit on a promissory note, and to foreclose a mortgage securing the same, and another note executed by the same parties. Defendant C. was sued as indorser. He appeared by filing a motion, which the court overruled. Afterward plaintiff, without notice, obtained leave to file a supplemental petition, alleging that since the commencement of the suit the second note had matured, and asking judgment thereon. Nearly six months after the filing of the supplemental petition, C. obtained leave of the court to answer the original petition, and filed an answer which contained no reference to the supplemental petition. More than nine months thereafter, the case came on for trial. Plaintiff demanded judgment by default on the second note. C. objected, because no notice of the application for leave to file or of the filing of the supplemental petition had been given, and also because the supplemental petition did not state facts sufficient to constitute a cause of action. *Held,* That by challenging the sufficiency of the supplemental petition C. made a general appearance to it, and as no continuance nor leave to plead was asked, under the circumstances, the court did not err in rendering judgment on the second note.

2. ISSUES — *Verdict — No Review.* The issues claimed by the defendant to be material having been fairly submitted to the jury by the court, and a verdict amply supported by evidence having been rendered in favor of the plaintiff, no further question is presented for our consideration.

*Error from Finney District Court.*

ACTION by *Tallant* against *Carter* and others to recover on two promissory notes, and to foreclose a mortgage. Plaintiff had judgment, and defendant *Carter* comes to this court. The facts are stated in the opinion.

*Hopkins & Hoskinson,* for plaintiff in error.
*Milton Brown,* and *B. W. Lemert,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: J. F. Tallant, as plaintiff, brought suit against plaintiff in error and others, on the 25th day of November, 1887, alleging in his petition that on the 4th day of April, 1887, the defendants Nelson Carpenter and Sarah A. Carpenter executed to defendant J. V. Carter two promissory notes for $1,200 each, due respectively on the 4th day of October, 1887, and the 4th day of April, 1888; that Carter, for value, before the maturity thereof, indorsed said notes to plaintiff, and in writing, indorsed on said notes, waived notice and protest of the same. The execution of the mortgage securing said notes by the Carpenters was also alleged, and personal judgment asked against them and Carter for the amount of the first note, and a foreclosure of the mortgage. On the 5th of January, 1888, defendant Carter filed a motion to require plaintiff to separately state and number his causes of action. On the 8th of February this motion was overruled. The record then recites that, on the 9th day of June, 1888, the court, upon verbal application of the plaintiff in open court, but without the appearance of the defendant J. V. Carter, and without any notice having been served upon the defendant J. V. Carter, made an order granting the plaintiff leave to file a supplemental petition. On the 25th day of June, 1888, a supplemental petition was filed, stating that the second note set up in the petition had become due since the

commencement of the action, and praying judgment thereon. On December 17, 1888, the following order was made:

"Now, on this 17th day of December, 1888, for good cause shown, it is ordered by the judge of said court, in vacation, that the defendant J. V. Carter have leave to plead to the original petition in said cause, on or before the first day of next term of said court, on condition that the trial of said cause shall not thereby be delayed."

Defendant Carter then filed a verified answer, admitting the execution of the note, denying that he delivered it to plaintiff, but alleging that he delivered it to Francis M. Stover and A. R. McCartney, and that A. R. McCartney and Lloyd Selby transferred and delivered it to plaintiff; also, admitting that he indorsed a waiver of notice and protest, but denying that said indorsement was made before maturity of the note or for any valuable consideration. On the 30th day of October, 1889, the cause came on for trial, and after the trial was commenced plaintiff moved for judgment by default on the supplemental petition, no answer having been filed thereto, nor any issue of law or fact raised thereon in any manner. The defendant J. V. Carter, being present, objected, for the reason that the court had no jurisdiction to render said judgment, and because no notice of the filing of said motion had ever been given to said defendant, or of the application for leave to file said supplemental petition, and for the further reason that said supplemental petition did not state facts sufficient to authorize a judgment to be rendered against said defendant Carter thereon. These objections were overruled by the court, and Carter excepted.

One of the principal contentions of the plaintiff in error is, that this ruling of the court was erroneous. The statute requires that notice be given, where leave is obtained to file supplemental pleadings, yet an appearance has often been held equivalent to notice. The facts of this case are such that we do not feel called on to give the statute a strained construction in favor of the plaintiff in error. He obtained leave to answer the original petition more than 10 months

after the overruling of his motion to require plaintiff to separately state and number his causes of action, and nearly six months after plaintiff had filed his supplemental petition. It may well be doubted whether this application must not be deemed an appearance to the supplemental as well as to the original petition. And, for anything that appears in the record, it may have been a full appearance for all purposes, but we need not necessarily so hold. Carter's counsel did not content himself with merely raising the jurisdictional question, but challenged the consideration of the court as to the sufficiency of the facts stated in the supplemental petition as constituting a cause of action. This certainly constituted a full appearance to the supplemental petition; and as no continuance of the cause was asked, and no application was made for leave to plead to the supplemental petition, the court correctly held that the supplemental petition, taken in connection with the original, stated a good cause of action against Carter on the second note. (*King v. Hyatt*, just decided.) The trial then proceeded, and testimony was offered on both sides. The answer seems to have been treated all around as raising substantial issues of fact. Whether it does so or not, it is unnecessary to determine. The jury, under instructions, which to say the least were fair to the defendant, found in favor of the plaintiff generally, and in a special verdict separately on each supposed issue presented, and the findings are abundantly supported by the evidence. Numerous matters are assigned as error. We perceive none prejudicial to the rights of plaintiff in error.

The judgment will be affirmed.

All the Justices concurring.