## E. A. BEECHER V. A. C. IRELAND.

### No. 277.

1. PRACTICE, DISTRICT COURT—*Amendatory and Supplemental Pleadings.* "The filing of amendatory and supplemental pleadings rests largely within the discretion of the trial court, and, unless there is a clear abuse of that discretion, its ruling will not be reversed." (*Rogers v. Hodgson*, 46 Kan. 276, 26 Pac. 732.)

2. ——— *Notice—Abuse of Discretion.* To permit a supplemental pleading to be filed without notice, to the prejudice of other parties to the action, would be such an abuse of discretion as would require a reversal, unless cured by the subsequent acts of the party aggrieved.

3. ——— *Jurisdiction — Waiver.* The motion challenging the jurisdiction of the court and the answer thereafter filed set forth. *Held,* that, by filing the answer and going to trial, the plaintiff in error waived the jurisdictional questions attempted to be raised by his motion.

Error from Lyon district court; CHAS. B. GRAVES, judge. Opinion filed August 15, 1898. Affirmed.

*Buck & Spencer,* for plaintiff in error.

*L. B. & J. M. Kellogg,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : This is a foreclosure suit. A. C. Ireland sold certain real estate to C. V. Holmes for $650, and received $200 in cash and a note for $450 signed by Holmes, and secured by a mortgage executed by Holmes and wife on the land sold. Holmes sold the land to E. A Beecher, plaintiff in error, and executed to him a warranty deed, subject to the mortgage of $450, which plaintiff in error assumed and agreed to pay. Beecher sold the property to William Rees, and he to E. N. Evans, who also assumed and agreed to pay the mortgage. Defendant in error commenced an action in the district court of Lyon county

on the note and mortgage, and made C. V. Holmes and wife, who executed the mortgage, and E. N. Evans and wife, who had the legal title, parties defendant. Holmes filed an answer alleging the execution of his deed to E. A. Beecher, and asking that Beecher be made a party defendant and that he be required to respond for any deficiency judgment. Summons was issued, service had, and judgment rendered against C. V. Holmes and E. A. Beecher for the amount of the debt; decree of foreclosure was entered and the property sold.

Meanwhile E. A. Beecher filed his motion to set aside the personal judgment rendered against him, on the grounds that the summons which was served on him required him to answer the plaintiff's original petition only, and made no mention of the cross-petition of C. V. Holmes, that the first petition contained no proper allegations on which the personal judgment against him could properly be rendered, and that he was never properly in court. The supreme court sustained his view of the law, set aside the personal judgment as against E. A. Beecher, and remanded the case for further proceedings. (*Beecher v. Ireland*, 46 Kan. 97, 26 Pac. 488.)

When the case was remanded, the plaintiff, by permission of the trial court, amended his petition, setting out the grounds of the personal liability of E. A. Beecher on the mortgage and also setting out the proceedings connected with the sale of the property and the application of the proceeds to part payment of the judgment. A summons was issued and personal service had on E. A. Beecher, who filed the following motion, challenging the jurisdiction of the court:

"Comes now the defendant E. A. Beecher, specially and, for the purpose of this motion only and to chal-

lenge the jurisdiction of this court over both the person of him, the said E. A. Beecher, and the pretended claim of the plaintiff against him, and moves the court to strike from the files in said cause the paper marked 'Amended and Supplemental Petition,' filed May 20, 1891, upon the grounds and for the reasons:

"1. That the said E. A. Beecher was not a party to the original petition filed in said cause, and that said orginal petition fully performed all of its functions as a pleading in said cause long prior to the 20th day of May, 1891.

"2. That judgment having been rendered upon the original petition in this action in favor of the plaintiff, for everything demanded by the terms of said original petition and its prayer, at the September, 1888, term of this court, and this defendant not then being a party defendant in said original petition, the district court of Lyon county, Kansas, had not the power or authority, at the May, 1891, term of this court, to permit any amended petition to be filed in said cause. or to allow this defendant to be made a party to the original petition by amendment, or in any manner to revive said cause on behalf of the plaintiff so as bring this defendant into the same, as more than nine terms of court had elapsed between the final disposition of said cause at the September, 1888, term of this court and the said attempted revivor by amendment at the May, 1891, term of this court, and more than two years had elapsed; and that the order of the supreme court directing a reversal of the personal part of the judgment rendered in 1888 against this defendant did not in any manner revive said action.

"3. That no notice was ever given to this defendant of any application to file any supplemental pleadings in said cause, and that the same was filed without any notice to this defendant.

"4. That the court was without jurisdiction to permit or allow, without notice to this defendant, any pleadings to be filed in said cause against this defendant."

This motion was overruled. Beecher then filed his

demurrer to the amended petition, which was over-ruled; he then filed his answer, which plaintiff put in issue by reply. The cause was submitted to a jury, and resulted in verdict and judgment for A. C. Ireland, plaintiff below, for $499.90. The defendant below brings the case here for review.

The first question to be determined is, Was E. A. Beecher a proper party to the foreclosure suit, and was he properly brought into court? Sections 24 and 27, chapter 95, General Statutes of 1897 (Gen. Stat. 1889, ¶ ¶ 4113, 4118), provide:

"24. Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

"27. The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

Under these liberal provisions a large discretion is given to trial courts. Our supreme court has said that "the filing of amendatory and supplemental pleadings rests largely within the discretion of the trial court, and, unless there is a clear abuse of that discretion, its ruling will not be reversed." (*Rogers v. Hodgson*, 46 Kan. 276, 26 Pac. 732.) It is contended by plaintiff in error that the trial court erred in permitting the supplemental petition to be filed without notice, and our attention is called to section 144 of the code (Gen. Stat. 1897, ch. 95, § 144, Gen. Stat. 1889, ¶ 4227), which reads as follows:

"Either party may be allowed, on notice and on such terms as to costs as the court may prescribe, to file a supplemental petition, answer, or reply, alleging

facts material to the case occurring after the former petition, answer, or reply.''

To permit a supplemental pleading to be filed without notice, to the prejudice of other parties to the action, would be such an abuse of discretion as would require a reversal, unless cured by the subsequent acts of the party aggrieved. In this case the amended and supplemental petition was filed without notice. A summons was issued and served personally on plaintiff in error. He filed his motion challenging the jurisdiction of the court. The motion was overruled, and he then filed the following answer:

''Comes now the defendant, E. A. Beecher, and for his sole and separate answer in said cause says: That, protesting and objecting to the jurisdiction of this court over him, and over the pretended cause of action against him, this defendant, for his answer to the pretended amended and supplemental petition of the plaintiff, says: (1) That he denies each and every allegation in said answer contained; (2) and for a second and further defense, this defendant says: That he admits the receipt of the deed mentioned and described, but alleges that the pretended promise in said deed of conveyance to him, whereby it is stated that he assumed and agreed to pay the mortgage indebtedness in said deed mentioned, was and is wholly without any consideration whatever, and was placed in said deed without the knowledge or consent of this defendant.''

By filing this pleading and going to trial the plaintiff in error waived all questions of jurisdiction raised by his motion. (*Carter v. Tallant*, 51 Kan. 516, 32 Pac. 1108; *King v. Hyatt*, 51 id. 504, 32 Pac. 1105; *Meixell v. Kirkpatrick*, 29 id. 679.)

The instructions of the court and the findings of the jury are complained of, but we find no error prejudicial to the rights of the plaintiff in error. The judgment of the district court is affirmed.