JULIA PAPKE *vs.* GOTTFRIED PAPKE.

March 6, 1883.

**Waiver of Objection to Jurisdiction.**—*Curtis* v. *Jackson*, 23 Minn. 268, followed, to the effect that a party objecting to the jurisdiction, when, in the same motion, he asks a decision on the merits, consents to the jurisdiction.

**Contempt—Denial of Hearing to Defendant.**—The record *held* not to show that the court below adjudged the defendant guilty of a contempt without giving him an opportunity to be heard.

**Appeal from Order adjudging Defendant Guilty of Contempt—Matters Reviewable.**—Where, in an action for divorce, judgment for plaintiff was entered, granting the divorce, allowing alimony and costs, and making the amount allowed a lien on defendant's real estate, and subsequently an order was made appointing a receiver, directing defendant to convey the real estate to him, and the latter to sell it and pay the alimony and costs, *held*, that, upon an appeal from an order adjudging defendant

guilty of a contempt for refusing to convey to the receiver, errors or irregularities in the judgment or order appointing the receiver cannot be considered.

Appeal by defendant from an order of the district court for Sibley county, *Macdonald*, J., presiding, adjudging him guilty of a contempt and sentencing him to imprisonment therefor.

*S. & O. Kipp*, for appellant.

*G. D. Emery*, for respondent.

GILFILLAN, C. J. This is an action for divorce. A judgment was entered February 7, 1880, dissolving the marriage, and directing defendant to pay plaintiff, within 30 days, for permanent alimony, costs, and counsel fees, divers sums, amounting in all to $442.79, and giving plaintiff a lien therefor on the real estate of defendant described in the judgment. The money not having been paid, the plaintiff applied, on order to show cause, and, April 26, 1881, obtained an order appointing a receiver of the real estate, directing defendant to convey to the receiver, and the receiver to sell the real estate, or so much thereof as might be necessary for that purpose, and from the proceeds to pay to plaintiff the amount directed by the judgment, and to pay the excess, if any, to defendant, and reconvey to him any part of the real estate not so sold.

May 24, 1881, plaintiff, on affidavits showing a demand by the receiver and a refusal by defendant to execute to the receiver a conveyance of the real estate, obtained an order requiring defendant to show cause why he should not be punished as for a contempt in refusing to execute such conveyance, as directed by the order of April 26th. Defendant failed to appear in obedience to this order, and July 28, 1881, a warrant was issued, reciting the prior proceedings, and directing the sheriff to arrest and produce the defendant before the court, to be dealt with according to law. The defendant, having been arrested on the warrant and brought before the court, made divers objections; among them, that the warrant contained no direction in respect to bail, and others to the regularity, or rather correctness, of the judgment and order appointing a receiver. The objections were overruled, and the court subsequently made an order adjudging defendant guilty of a contempt, and directing that he be committed

to the county jail for 10 days, and that he remain so committed until he should execute the conveyance to the receiver. From this order the appeal is taken.

The objections to the judgment, and to the order appointing the receiver, cannot be considered on this appeal. Each was final, so that it might be appealed from, and any errors or irregularities in it corrected, and, no appeal having been taken, each is conclusive.

Had the defendant, when brought before the court on the warrant, presented his objection to it in the proper way, it would have been well taken; for the statute (Gen. St. 1878, c. 87, § 6,) is explicit that the warrant shall direct whether the person shall be let to bail or detained in custody. But by uniting that objection, which went to the jurisdiction of the court to try him on the charge for contempt, with others that did not go to the jurisdiction, but to the merits of the charge, he submitted himself to the jurisdiction and waived his objection to it. A party cannot at the same time object to, and ask the court to exercise, its jurisdiction. *Curtis* v. *Jackson*, 23 Minn. 268.

The point that the court below adjudged the defendant guilty of a contempt, without an examination of the facts and giving him an opportunity to be heard, is not, in the opinion of this court, sustained by the record. That the court proceeded without giving him a hearing does not affirmatively appear, as it should in order to sustain an allegation of error.

Order affirmed.