THOMAS BLACKWOOD v. J. W. SHAFFER.

SUPREME COURT — *Case Brought too Late for Review.* Where a demurrer by the plaintiff is sustained as to the third paragraph of the defendant's answer, and afterward the case is tried upon the issues presented by the petition and the remainder of the answer, and within less than one year after the rendering the judgment, but not within one year after the sustaining of the demurrer, the defendant, as plaintiff in error, brings the case to the supreme court, *held,* that the supreme court cannot consider the question whether the court below erred or not in sustaining the demurrer, as it is brought to the supreme court too late.

*Error from Clay District Court.*

THE opinion states the case.

*C. M. Anthony,* for plaintiff in error.

*Harkness & Godard,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Clay county in March, 1886, by J. W. Shaffer against Thomas Blackwood and S. M. Hollis, to recover for alleged

18 — 44 KAS.

breaches of certain injunction bonds.    On April 14, 1886, the defendants filed their answer, which, omitting title and signature, reads as follows:

"1. The defendants deny each and every allegation contained in plaintiff's petition.

"2. For further answer, defendants say that the defendant Hollis is neither jointly nor severally liable on the several undertakings sued upon, as the same were not nor was either of them executed by him.

"3. The defendants aver that there never has been a final judgment or adjudication that said temporary injunction ought not to have been granted, said cause still being undecided and now pending in the supreme court of the state of Kansas."

On May 3, 1886, the plaintiff demurred to the third paragraph of the foregoing answer, upon the ground that it did not state facts sufficient to constitute any defense to the plaintiff's action.    On May 8, 1886, this demurrer was heard by the court, and sustained.    The plaintiff then dismissed his action as to Hollis.    The case was then continued from time to time as against Blackwood, until May 10, 1888, when he moved the court to dismiss the same upon the ground that the action had been brought prematurely.    This motion was overruled.    On May 11, 1888, the case was tried before the court and a jury, and the jury rendered a verdict in favor of the plaintiff and against the defendant Blackwood, and assessed the damages at $611.33.    On May 14, 1888, the defendant filed his motion for a new trial upon the following grounds, to wit:

"1. Misconduct of the jury.

"2. Excessive damages, appearing to have been given under the influence of passion or prejudice.

"3. Error in the assessment of damages and amount of recovery, the same being too large.

"4. The verdict is not sustained by sufficient evidence, and is contrary to law.

"5. Error of law occurring at the trial, and excepted to by the defendant at the time.    Affidavits and other evidence will be used at the hearing of this motion."

On May 21, 1888, this motion for a new trial was heard

and overruled, and on the same day judgment was rendered in favor of the plaintiff and against the defendant, Black-wood, in accordance with the verdict of the jury. On July 6, 1888, the defendant Blackwood, as plaintiff in error, brought the case to this court for review. The errors alleged in the petition in error are as follows:

"1. The court erred in sustaining the plaintiff's demurrer to the 3d paragraph of defendant's answer.

"2. In refusing to sustain said demurrer to plaintiff's petition at the request of defendant.

"3. In rendering judgment for the aggregate amounts of the bonds sued on.

"4. In refusing to grant a new trial.

"5. The judgment was given for the plaintiff, J. W. Shaffer, when it should have been for the defendant, Thomas Blackwood, said suit having been instituted by J. W. Shaffer before any right of action had accrued to him."

The plaintiff in error, however, in his brief seems to abandon all the alleged errors except those relating to the ruling of the court below on the demurrer, and certainly the other alleged errors are not tenable. But are those relating to the demurrer tenable? It is alleged in effect in the third paragraph of the defendant's answer, that the action in which the injunction bonds were given was still pending in the supreme court when the answer was filed in this case, but there is no allegation anywhere that the action in which the injunction bonds were given was pending in the supreme court or elsewhere when this present action was commenced, or that any bond or undertaking was ever given in the action in which the injunction bonds were given, for the purpose of staying the proceedings in that action in the district court while the action was pending in the supreme court. Nor is there any allegation anywhere showing what was sought to be reviewed in the supreme court in that action. Probably because of a want of such allegations, the district court sustained the demurrer.

But a preliminary question is presented in this court by the defendant in error. The defendant in error claims that this

court cannot consider the question as to whether the ruling of the court below upon the demurrer was right or not, for the reason that the demurrer was sustained on May 8, 1886, and this proceeding in error was not brought to this court until July 6, 1888, more than one year, indeed more than two years, after the ruling of the court below upon the demurrer. When the court below sustained the demurrer the defendant below might have immediately brought that order to the supreme court for review. (Civil Code, § 542.) But he could not wait two years, nor more than one year, and then bring it to the supreme court. (Civil Code, § 556.) As the ruling of the court below upon the third paragraph of the defendant's answer virtually swept such third paragraph out of existence, and as no amendment was ever made to such third paragraph, nor any leave asked for or given to so amend it, the ruling on the demurrer was a final order, and such ruling was not subsequently involved in any other ruling of the court below. When a case is brought to the supreme court for the purpose of having any judgment or order of the court below reviewed, everything necessarily involved in such judgment or order is reviewable in the supreme court; but the order of the court below in this case sustaining the demurrer to the third paragraph of the defendant's answer is not involved in any other order, or in any judgment of the court below, and hence it is not reviewable upon this principle. If the demurrer had been overruled, a different rule would apply. Also, if the trial of the case upon its merits had been had in a short time after the ruling on the demurrer, so that the entire case, the ruling on the demurrer and all, could have been brought to this court within less than one year after the sustaining of the demurrer, and if the entire case had been so brought to this court within less than one year after the sustaining of the demurrer, then we could determine whether the order sustaining the demurrer was erroneous or not; but such is not this case. As every alleged error, except the ruling of the court below upon the demurrer, is now abandoned by the plaintiff in error, and as no error is shown to have been committed by the court

below unless such court committed error in sustaining the aforesaid demurrer, the order of the court below sustaining the demurrer is virtually the only action of the court below brought to this court for review; and it was brought here too late.

The judgment of the district court will be affirmed.

All the Justices concurring.