JOHN KAUTER v. HENRY ENTZ, JOHN O'LOUGHLIN, AND CHARLES SHULTZ.

## No. 311.

1. PRACTICE, COURTS OF APPEALS—*Commencement of Proceeding—One-year Limitation.* This court cannot consider the question whether a district court erred in sustaining a demurrer to a petition, when the petition in error is filed in this court more than one year after the ruling of the court sustaining such demurrer was made. (*Blackwood v. Shaffer*, 44 Kan. 273, 24 Pac. 423.)

2. ——— *Error not Available—One-year Limitation.* A ruling quashing the summons and setting aside the service made on the defendant "is not available as error when more than one year has intervened between the making of the order and the commencement of proceedings in error." (*Newberry v. A. K. & C. Rly. Co.*, 52 Kan. 613, 35 Pac. 210.)

3. PRACTICE, DISTRICT COURT—*Service of Case-made.* Where a case was not served on defendants until nearly nine months after the final order quashing a summons and setting aside the service thereof on a defendant was made, and the time was not extended by the court, *held*, that, under sections 588 and 589, chapter 95, General Statutes of 1897, the case was served too late, and this court is without jurisdiction to review the alleged error.

4. ——— *Filing of Demurrer—General Appearance.* The filing of a demurrer to a petition is a general appearance.

Error from Finney district court; WM. EASTON HUTCHISON, judge. Opinion filed May 16, 1899. Dismissed as to Entz and Shultz; reversed as to O'Loughlin.

## STATEMENT.

ONE Christ. Fritz brought an action of replevin in the district court of Finney county to recover certain live stock of John Kauter, the plaintiff in error herein, which had been taken possession of by Kauter under and by virtue of a certain chattel mortgage executed by Fritz to Kauter. Fritz executed a replevin undertaking, signed by himself as principal, and by John

Kauter v. Entz.

O'Loughlin and Charles Shultz, two of the defendants in error herein, as sureties.   Judgment was rendered in favor of Kauter and against Fritz, and Fritz then applied for a stay of execution, which was granted, and a supersedeas bond signed by Fritz as principal, and by Henry Entz, another defendant in error herein, and John O'Loughlin, was filed.   Fritz failed to prosecute a petition in error to reverse said judgment, and more than one year elapsed from the date thereof and the judgment became final.   Plaintiff in error, Kauter, then brought this action in the district court of Finney county against Entz and O'Loughlin on the replevin and supersedeas bonds.   Copies of the bonds were not set out in the petition.

A summons was issued to the sheriff of Finney county and served on Henry Entz, and returned "not found" as to O'Loughlin.   Entz filed a motion to require the plaintiff to make his petition more "definite and certain by alleging facts showing whether he sought to recover on the replevin undertaking or supersedeas bond and to allege facts showing why he did not attach such exhibits."   On the same day O'Loughlin filed a motion to require the plaintiff "to elect upon which cause of action set out in his petition (the replevin undertaking or supersedeas bond) he would prosecute his action."

Both of the motions were sustained by the court, and plaintiff amended his petition by setting up facts showing why he was unable to file a copy of the replevin bond, nothing being said in the amendment about the supersedeas bond.   Defendants demurred to the petition as amended, and plaintiff asked leave to amend, which was granted, and the demurrer was then withdrawn.

The amended petition set out the execution of the

replevin undertaking, signed by Charles Shultz and John O'Loughlin. Afterward the plaintiff further amended his petition by making Charles Shultz a party defendant and attaching a copy of the replevin undertaking, and further amended it so as to make it conform to the ruling of the court requiring him to elect, and elected to stand on the replevin undertaking signed by O'Loughlin and Shultz but not by Entz. To the petition thus amended O'Loughlin filed a demurrer, which was overruled. Entz then demurred to the petition as thus amended, on the ground and for the reason that it did not state facts sufficient to constitute a cause of action against him. The demurrer was sustained and final judgment rendered in favor of Entz for costs.

Before final judgment was rendered in favor of Entz, summons was issued to Kearny county, and was by the sheriff of said county served on Shultz and O'Loughlin. Shultz appeared and filed his motion to quash said summons and set aside such service, which motion was sustained. Another summons was then issued to Kearny county and served on O'Loughlin, Shultz, and Entz. Entz appeared specially and moved to set aside the service of such summons, and this motion was heard with a plea in abatement filed by said O'Loughlin, and the court sustained both the motion and plea.

*Milton Brown*, for plaintiff in error.

*A. J. Hoskinson*, for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J.: The principal question in this case is, Did the Finney county district court obtain jurisdiction of the persons of John O'Loughlin and

Charles Shultz by service of summons and their appearances in the Finney county district court? Plaintiff in error in his brief sets out, among others, the following specifications of errors :

" *Third.*—That the district court erred in sustaining the demurrer of Henry Entz to the plaintiff's second amended petition and rendering judgment for costs in favor of said Entz against said Kauter.   .   .   . "

" *Fifth.*—The district court erred in sustaining the first motion by defendant Shultz to quash and set aside the summons and service on him, the said Shultz, over the objections and exceptions of the said plaintiff.

" *Sixth.*—The district court erred in sustaining the second motion filed by said Shultz to quash and set aside a summons and the service thereof on him, the said Shultz."

" *Tenth.*—The district court erred in sustaining the plea in abatement by the said O'Loughlin and in rendering a judgment for costs against said Kauter. .   .   . "

Other specifications of error are set out in plaintiff in error's brief, but it will be unnecessary to consider them, as they merely present the same question as the specifications here set out, but in a different form.

At the outset we are met by an objection of counsel for defendants in error to the consideration by us of the third, fifth and sixth specifications of error, and we must hold that the objection is well grounded. The order sustaining the demurrer filed by Entz and entering final judgment in his favor was made on the 10th day of May, 1897, and the petition in error was not filed until June 4, 1898, more than one year from the date of the final judgment, and this court cannot, therefore, review the alleged error. (*Blackwood v. Shaffer*, 44 Kan. 273, 24 Pac. 423.)

The ruling quashing and setting aside service of the first summons served on Shultz was made May 10,

1897, and the petition in error having been filed more than one year thereafter, this court is without jurisdiction to review the alleged error. (*Newberry v. A. K. & C. Rly. Co.*, 52 Kan. 613, 35 Pac. 210.)

The case-made was not served on defendants until nearly nine months after the final order quashing the second summons served on Shultz, and, as it does not appear from the record that the court made any order extending the time for serving a case, it must be held that, under sections 588 and 589, chapter 95, General Statutes of 1897, the case was not served in time, and the plaintiff cannot now ask to have the ruling reviewed. (*Ætna Life Ins. Co. v. Koons*, 26 Kan. 215.)

The only error assigned in plaintiff in error's brief which this court has power to review and which it is necessary to consider is the ruling sustaining O'Loughlin's plea in abatement, and, in determining this question, we find that it is not necessary to decide whether jurisdiction was obtained by any of the various writs of summons. We must hold that by filing his demurrer the defendant O'Loughlin entered a full appearance to the action. (*Carter v. Tallant*, 51 Kan. 516, 32 Pac. 1108; *The City of Crawfordsville v. Hayes*, 42 Ind. 200.) In the last-named case it was held that a full appearance to an action waives all defects in the process and in the service thereof. O'Loughlin filed his demurrer after the plaintiff had elected to stand on the replevin undertaking, and the jurisdictional question was clearly presented. Had the plaintiff elected to stand on the supersedeas bond, the question of jurisdiction as to O'Loughlin's person would probably not have arisen, since service of summons was made on Entz in Finney county, the county where the action was brought.

The petition in error is dismissed as to defendants

in error Henry Entz and Charles Shultz, and the judgment of the district court on the plea in abatement of defendant in error John O'Loughlin is reversed, and the cause remanded with instructions to overrule said plea in abatement.