JESSE J. DUNN,
SAMUEL W. HAYES,
JOHN B. TURNER,
R. L. WILLIAMS, } Justices.

MAHANEY v. UNION INV. Co.

No. 2202, Okla. T.   Opinion Filed May 12, 1909.

(101 Pac. 1054.)

APPEAL AND ERROR—Dismissal—Defects in Brief. Where the brief of plaintiff in error fails to state the specifications of errors complained of, separately set forth and numbered, as provided by rule 25 of this court, the appeal may be dismissed.

(Syllabus by the Court.)

*Error from District Court, Comanche County; F. E. Gillette, Judge.*

Action by the Union Investment Company against T. P. Mahaney.   Judgment for plaintiff.   Defendant brings error.   Dismissed.

*J. A. Fain* and *R. J. Ray,* for plaintiff in error.

*B. M. Parmenter,* for defendant in error.

PER CURIAM. This is an action of replevin, originally brought by Union Investment Company, a corporation, defendant in error, plaintiff below, against T. P. Mahaney, plaintiff in error, defendant below, before a justice of the peace in Comanche county, to recover "one three year old brown horse mule, weight 900 pounds, valued at $80," in which plaintiff claims a special ownership and right of possession by virtue of a chattel mortgage executed September 9, 1904, by D. B. Denton to secure a loan of $107. There was judgment for defendant, from which plaintiff appealed; and on trial anew to a jury in the district court there was judgment for plaintiff to reverse which, after motion for a new trial filed, overruled, and excepted to, defendant brings error to this court.

One of the principal questions raised in the trial court was whether the description in the mortgage was sufficient to charge the defendant, who claimed to be an innocent purchaser for value and without notice, with constructive notice. Upon this and all other issues the jury found against defendant, which after reviewing the testimony and the instructions of the court, which are not assigned as error, we believe was right. In short, this is an appeal where, for the reason that plaintiff in error has wholly failed to comply with that part of rule 25 of this court, which provides that "the brief shall contain the specifications of error complained of, separately set forth and numbered," we feel constrained to dismiss; and the same is so ordered.

All the Justices concur.