BECKWITH *et al.* *v.* FOREST.

Nos. 137 and 151.   Opinion Filed July 13, 1909.

(103 Pac. 748.)

**APPEAL AND ERROR—Ind. Ter. Procedure—Transcript of Record—Time for Filing—Dismissal—Discretion of Court.** Rules 19 and 22 of the United States Court of Appeals of the Indian Territory, approved June 15, 1906 (6 Ind. T. Append. pp. 15, 17), and 16 of the Eighth Circuit Court of Appeals (90 Fed. clix, 31 C. C. A. clix, 2 Rose, Code Fed. Proc. p. 2007), providing that the transcript or record should be docketed with the clerk of the appellate court within 90 days from the date of the allowance of the appeal, must be observed; otherwise the appeal will be dismissed, unless the time is enlarged before its expiration, following **Chamberlain Transportation Company v. South Pier Coal Company,** 126 Fed. 165, 61 C. C. A. 110.   (a) Even if this court had a discretion in the matter, when the appeal is allowed on the 15th day of November, 1907, and the record is not filed in this court, as the successor of the United States Court of Appeals of the Indian Territory, until the 20th day of April, 1908, over five months thereafter, and after the appellee had filed a certified transcript of the decree appealed from, the order granting the appeal and the supersedeas bond, with motion to dismiss the appeal or affirm the judgment, and no showing having been made in this court to excuse such delay, the appeal will, in that event, be dismissed.

(Syllabus by the Court.)

*Error from the United States Court for the Western District of the Indian Territory at Muskogee; W. R. Lawrence, Judge.*

Action between Aurilla Beckwith and others and Fred Forest, trading as East Side Hardware Company.   From the judgment, Aurilla Beckwith and such others appeal, and appellee moves to dismiss the appeal.   Dismissed.

On the 10th day of April, 1908, the appellee, through his attorney, S. E. Gidney, appeared specially and moved this court to dismiss the appeal or affirm the judgment for the reason, (1) that the appeal in said cause has been taken for more than ninety days and a supersedeas bond filed, and that there had not been filed by the appellants, either in the office of the clerk of the

United States Court of Appeals of the Indian Territory, or that of the Supreme Court of the State of Oklahoma, an authenticated copy of the record, in accordance with rule 19 of the United States Court of Appeals of the Indian Territory, as revised and adopted on June 15, 1906. (2) Because the citation is not made returnable within sixty days from the date of its issuance, as provided by rule 16, subdivision 5, of said court. (3) Because said appeal was not docketed with the clerk of the United States Court of Appeals of the Indian Territory prior to the admission of the state into the Union. That due notice of such motion and application had been given to the opposite party due over ten days prior to the 20th day of April, 1908, the date on which said application and motion were brought to the attention of this court. There was filed with said application a certified copy of the order allowing the appeal and *supersedeas,* and of the decree or judgment of the trial court. After said motion to dismiss or affirm had been presented to this court, the appellants filed with the clerk of the court a transcript of the record in said cause and said motion to dismiss or affirm has accordingly been consolidated with the main case.

*Watkins & Burlingame,* for appellants.

*S. E. Gidney,* for appellee, citing: *Chamberlain Transp. Co. v. Coal Co.,* 126 Fed. 165; *Baker v. Sears,* 2 Kan. App. 617; *Sowers v. Tate,* 7 Okla. 211; *In re Barstow,* 54 Ark. 551; *U. S. v. De Paches,* 20 Howard (U. S.) 263; *Edwards v. U. S.,* 102 U. S. 575.

WILLIAMS, J. (after stating the facts as above). Rule 19 of the United States Court of Appeals of the Indian Territory, in force at the time of the admission of the state into the Union, provides:

"In all civil cases when the appeal has been taken more than ninety days and a *supersedeas* bond filed, and the appellant has not filed in the office of the clerk an authenticated copy of the record, the appellee may at any time file in this court a certified transcript of the judgment, order or decree appealed from, the

order granting the appeal and the *supersedeas* bond, with his motion to dismiss the appeal or affirm the judgment; and the appeal shall be dismissed or the judgment affirmed at the cost of the appellant, unless good cause be shown against it:   Provided, a notice of ten days of such intended motion be given to the appellant or his attorney of record."   (6 Ind. T. Append. p. 15.)

Rule 16 of the Eighth Circuit Court of Appeals (2 Rose, Code Fed. Proc., Rules in Eighth Circuit, p. 2007, 90 Fed. Clix, 31 C. C. A. clix), provides:

"It shall be the duty of the plaintiff in error or appellant to docket the case and file the record thereof with the clerk of this court by 'or before the return day, whether in vacation or in term time.   But for good cause shown the justice or judge who signed the citation, or any judge of this court, may enlarge the time by or before its expiration, the order of enlargement to be filed with the clerk of this court.   If the plaintiff in error or appellant shall fail to comply with this rule, the defendant in error or appellee may have the cause docketed and dismissed upon producing a certificate, whether in term time or vacation, from the clerk of the court wherein the judgment or decree was rendered stating the case and certifying that such writ of error or appeal has been duly sued out or allowed.   And in no case shall the plaintiff in error or appellant be entitled to docket the case and file the record after the same shall have been docketed and dismissed under this rule, unless by order of the court."

Rule 22 of the United States Court of Appeals of the Indian Territory (6 Ind. T. Append. p. 17), also in force at the time of the admission of the state, provides that in case no provision is made by statute or by rules of said court, proceedings therein shall be in accordance with the practice of the United States Circuit Court of Appeals for the Eighth Circuit.   So that rule 16 of the Eighth Circuit, being more comprehensive than rule 19 of the Indian Territory Court of Appeals, but in no manner in conflict therewith, said rule 16 practically governs in the disposition of this case.

Rule 14. subd. 5, of the Seventh Circuit Court of Appeals (2 Rose, Code Fed. Proc., p. 1986, 150 Fed. ci, 79 C. C. A. ci), provided:

"All appeals, writs of error and citations, must be made returnable not exceeding thirty days from the date on which the appeal is allowed, or the, writ of error issued, whether the return fall in vacation or in term time, and be served before the return day. If a party be nonresident the citation and any other writ or notice necessary in the prosecution of the appeal or writ of error may be served upon such party's counsel or attorney of record, who for such purpose may not be discharged unless another resident be designated of record in the case upon whom service may be made."

Rule 16, subd. 1, of the same circuit (2 Rose, Code Fed. Proc., p. 1987, 150 Fed. xxix. 79 C. C. A. xxix), provides:

"It shall be the duty of the plaintiff in error or appellant to docket the case and file the record thereof with the clerk of this court by or before the return day, whether in vacation or in term time. But for good cause shown the justice or judge who signed the citation or any judge of this court, may enlarge the time by or before its expiration, the order of enlargement to be filed with the clerk of this court. If the plaintiff in error or appellant shall fail to comply with this rule, the defendant in error or appellee may have the cause docketed and dismissed upon producing a certificate, whether in term time or vacation, from the clerk of the court wherein the judgment or decree was rendered, stating the case and certifying that such writ of error or appeal had been duly sued out or allowed. And in no case shall the plaintiff in error or appellant be entitled to docket the case and file the record after the same shall have been docketed and dismissed under this rule, unless by order of court."

In the case of *Chamberlain Transportation Co. v. South Pier Coal Co.*, 126 Fed. 165, 61 C. C. A. 110, in construing these identical provisions, which are substantially the same as the provisions relating to the perfecting of appeals in the Eighth circuit, and also in the United States Court of Appeals of the Indian Territory, the court held that it was the duty of the appellant to cause the record to be filed on or before the return day, that such time might be enlarged by or before its expiration, and that the order of the district judge enlarging such time after its expiration, and after the filing of the motion to dismiss, was ineffectual. The following is the language of the court:

"The order of the district judge enlarging that time after its expiration, and after the filing of the motion to dismiss, we must hold to be ineffectual."

In this case, neither was any order ever procured from the trial judge who granted the appeal, nor from any member of the United States Court of Appeals of the Indian Territory, nor from any member of this court as successor of that court, enlarging the time within which the transcript might be lodged in this court as its successor, before the expiration of said 90 days. Nor has there been any application to this court at any time for the enlargement of such time.

Section 1 of the schedule to the Constitution provides that:

"No existing rights, actions, suits, proceedings, * * * shall be affected by the change in the forms of government, but all shall continue as if no change in the forms of government had taken place."

And this appeal should have conformed to the rules then in force. *Moberly v. Roth,* 23 Okla. 856, 102 Pac. 182; *Kelley v. McCombs,* 23 Okla. 867, 102 Pac. 186; *Parks v. Ada* (recently decided by this court), *ante,* p. 168, 103 Pac. 607.

Even if this court had any discretion in determining whether or not the appeal should be dismissed for not complying with said rules, yet no showing is made to this court by the appellants to excuse the delay. The only attempt to that end is a statement in the brief referring to the fact that immediately after the admission of the state there was a contest in Muskogee county as to who was the proper district clerk, and for that reason the delay was occasioned; but the records of this court show that on the 15th day of January, 1908, over 90 days prior to the time of the filing of the authenticated transcript with the clerk of this court, there was determined by a judgment of this court who was *prima facie* entitled to act as clerk of the district court of Muskogee county.

Whilst we regret to dismiss this appeal, and thereby pre-

vent a review of this case on its merits, yet, in the light of the foregoing decisions, we have no alternative.

The motion is sustained.   Appeal dismissed.

All the Justices concur.