## HOLLAND v. BEAVER.

No. 2101.   Opinion Filed June 27, 1911.

(116 Pac. 766.)

1.  **APPEAL AND ERROR—Time of Filing Petition—Dismissal.** This court cannot consider the question of whether a district court erred in sustaining a demurrer to a petition, when the petition in error is filed more than one year after the ruling of the. court sustaining such demurrer was made, notwithstanding the fact that proceedings are begun within one year from the date of judgment subsequently entered.

2.  **SAME—Disability of Infants.** In a case where an infant is plaintiff in error and the statutory period of one year, provided for in section 6082, Compiled Laws of Oklahoma 1909, has expired before the commencement of his proceeding, which occurs during

the period of his disability, the one year referred to in said statute relating to infants begins to run as to him after the removal of his disability, and is not an additional period granted to him during its existence.

(Syllabus by the Court.)

*Error from District Court, Washington County; John J. Shea, Judge.*

Action by Birdie Holland, a minor, by Noah S. Holland, her guardian, against Eliza Beaver. From a judgment sustaining a demurrer to the petition, plaintiff brings error. Dismissed.

*Veasey & Rowland* and *J. D. Talbott,* for plaintiff in error.

*Kane & Burford,* for defendant in error.

DUNN, J. This case presents error from the district court of Washington county. The record discloses that on the 3d day of March, 1909, the court made an order sustaining a demurrer filed by counsel for defendant to plaintiff's petition. On March 8, 1909, the court made an order undertaking to grant additional time within which to make and serve a case-made. There is no claim made that the case-made was served within the time allowed in said order, or that the same was filed in this court within one year from the date of the making of the said order. Service of the case-made herein was made on May 10, 1910, more than one year thereafter, and the case was filed in this court on June 20, 1910. On May 2, 1910, more than one year after the order sustaining the demurrer to plaintiff's petition the court rendered judgment against plaintiff for costs, and fixed a time for making and serving a case-made, which was made, served, and filed within due time thereafter. The judgment rendered by the court to review which this proceeding in error has been undertaken was predicated upon the error which it is alleged the court committed in sustaining the demurrer.

A motion to dismiss the proceeding has been filed by counsel for defendant in error on the ground, among others, that the proceeding not having been instituted within one year after the order of the court sustaining the demurrer, the same is too late, and that this court lacks jurisdiction to entertain it. The stat-

ute (section 6082, Compiled Laws of Oklahoma 1909) provides that:

"No proceeding for reversing, vacating, or modifying judgments or final orders shall be commenced unless within one year after the rendition of the judgment or making of the final order complained of, or in case the person entitled to such proceeding be an infant, a person of unsound mind, or imprisoned, within one year as aforesaid, exclusive of the time of such disability."

Section 6067, *id.*, provides that "the Supreme Court may reverse, vacate or modify * * * an order that sustains or overrules a demurrer." The order sustaining the demurrer being a final order from which an appeal would immediately lie to this court (*Blackwood v. Shaffer*, 44 Kan. 273, 24 Pac. 423), could plaintiff in error, after the making of such order, take no action whatever thereon, but await the lapse of a year, and then appeal from a judgment for costs based upon such order? It has been the uniform holding of this court that, where more than one year has intervened between the rendition of the judgment or final order sought to be reviewed and the filing of the petition in error in the Supreme Court, it is without jurisdiction to review the judgment of the trial court. *Strange et al. v. Crismon,* 22 Okla. 841, 98 Pac. 937; *Sumner et al. v. Sherwood,* 25 Okla. 70, 105 Pac. 642; *John v. Paullin et al.,* 24 Okla. 636, 104 Pac. 365, and many other cases.

It is the contention of plaintiff in error that, as he brought his proceeding in error within one year from the date of the judgment rendered on the order sustaining the demurrer, he is in time. This claim cannot be allowed.

It is held by the Court of Appeals of Kansas, in the case of *Kauter v. Entz et al.,* 8 Kan. App. 788, 61 Pac. 818, in the syllabus, that:

"This court cannot consider the question whether a district court erred in sustaining a demurrer to a petition, when the petition in error is filed in this court more than one year after the ruling of the court sustaining such demurrer was made."

Cases from that and other jurisdictions supporting the conclusion there reached may be noted as follows: *Gilchrist et al. v. Schmidling,* 12 Kan. 263; *Sanford v. Weeks et al.,* 50 Kan.

339, 31 Pac. 1088; *Corum v. Hubbard,* 69 Kan. 608, 77 Pac. 530; *Blackwood v. Shaffer; supra; White v. A., T. & S. F. Ry. Co.,* 74 Kan. 778, 88 Pac. 54; *Maynard v. Johnson,* 2 Nev. 16; *Papke v. Papke,* 30 Minn. 260, 15 N. W. 117; *Stout v. Philippi Mfg., etc., Co. et al.,* 41 W. Va. 339, 23 S. E. 571, 56 Am. St. Rep. 843. Oklahoma cases may be noted as follows: *Doorley v. Buford & George Mfg. Co.,* 5 Okla. 594, 49 Pac. 936; *Buxton v. Alton-Dawson Mercantile Co.,* 18 Okla. 287, 90 Pac. 19.

An excellent and succinct discussion of this question is found in a case from the Supreme Court of West Virginia. The statute of that state (Code 1899, c. 135, § 3 [Code 1906, c. 135, §3]) provides:

"No petition shall be presented for an appeal from, or writ of error or supersedeas to, any judgment, decree or order * * * which shall have been rendered or made more than two years before such petition is presented."

Certain appealable orders had been made in the case of *Stout v. Philippi Mfg., etc., Co., supra,* more than two years prior to the filing of the appeal on the final judgment rendered in the case, and it was the contention of counsel in that case, as in this, that the appeal from the final decree brought up for review all preceding decrees out of which any error complained of in such final decree arose. The court considering that claim said:

"An appeal taken in time from a decree will bring up for review every former order or decree not itself appealable, no matter when entered, and every appealable order or decree entered not more than two years before the appeal; but it will not bring up for review any appealable order or decree entered more than two years before the appeal. Nor can any error in the decree or order appealed from in time be reviewed, if that error be solely based on an appealable order or decree entered more than two years before the appeal. The error in the former decree cannot be corrected, because an appeal from that decree itself is barred; and the error in the later decree, though the appeal be within two years from its date, cannot be corrected, because that would be a reversal of the former decree, and thus nullify the statute defending its error."

The observations of the court in that case are entirely apposite in this. There is no error alleged in this court; except that

which is alleged to have grown out of the action of the court in sustaining the demurrer to plaintiff's petition. The order made thereon at the expiration of one year became the law of that case and was final, and could not be reviewed by appealing from a judgment for costs as is sought to be done. The claim is made, however, that the appeal herein would lie because plaintiff in error is a minor, and that the latter part of section 6082, *supra,* provides that the time of one year applies, unless the person entitled to the proceeding be an infant, etc., when it is provided that a proceeding may be taken "within one year, as aforesaid, exclusive of the time of such disability." This clause is not susceptible of the construction which counsel seek to have given it; the limitation of one year in cases of infants runs after the removal of their disability. Speaking of this provision, Judge Elliott, in his work on Appellate Procedure, § 130, says:

"Under the rule laid down in analagous cases, the limitation begins to run during the existence of the disability, and it is only the one year after the removal of the disability that is allowed for taking appeals in cases where the period of limitations has fully expired during the existence of the disability."

It therefore follows that the motion of counsel for defendant in error to dismiss the proceeding must be sustained.

All the Justices concur.