QUEEN OF ARKANSAS INSURANCE COMPANY *v.* PUBLIC SCHOOL DISTRICT NO. 44 OF GARLAND COUNTY.

Opinion delivered October 16, 1911.

APPEAL AND ERROR—NECESSITY OF ABSTRACTING EVIDENCE AND INSTRUCTIONS.—Where the grounds urged by appellant why the judgment should be reversed necessitated an examination of the evidence which was adduced upon the trial and of the instructions which were given and refused, and the abstract does not set out such evidence and instructions, the cause will be affirmed.

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; affirmed.

*A. W. Files,* for appellant.

*J. B. Wood,* for appellee.

Where an appellant fails to furnish an abstract sufficient to show the issues raised by the pleadings, the evidence introduced in support of the contentions of the parties and the instructions given by the court, this court will not explore the transcript, but will affirm the judgment of the lower court.

FRAUENTHAL, J. This was an action instituted by appellee against the Southwestern Fire Insurance Company and the Queen of Arkansas Insurance Company to recover upon a policy of fire insurance. A verdict was returned against both defendants, and from the judgment entered thereon the Queen of Arkansas Insurance Company alone has appealed.

From statements made in the appellant's brief, it appears that the suit was founded upon a policy of insurance executed by the Southwestern Fire Insurance Company on May 2, 1907, by which it insured the appellee in the sum of $300 on a frame building against loss by fire for a term of three years; and that the building was destroyed by fire on August 26, 1909; that on July 22, 1909, the Queen of Arkansas Insurance Company

entered into a contract with the Southwestern Fire Insurance Company, whereby it insured said latter company against loss and liability by reason of all policies issued by it and then in force, and, as it is claimed by appellee, also agreed, by virtue of the provisions of said contract, to pay to the policy holders all losses sustained by them under such policies. It appears that both defendants resisted payment, upon the ground that a number of the conditions of the policy had been violated, avoiding it; and that appellant resisted recovery upon the further ground that there was no privity between it and the appellee. It also appears that a number of witnesses gave testimony in the case, and that the above contract of reinsurance —or, rather, of indemnity against and the assumption of risk— was introduced in evidence. The appellant seeks a reversal of the judgment upon the grounds "that the verdict is contrary to the evidence; that the verdict is contrary to law."

The appellant has not made an abstract of any of the testimony that was adduced upon the trial of the case, nor of said written contract. It has not made any abstract of any of the instructions that were given or refused. There is no attempt made by it to set out in substance the testimony of any of the witnesses or the provisions of said contract, or any of said instructions.

In order that the questions involved upon an appeal shall be properly presented to this court for its decision, it is required by rule 9 that the appellant shall make and file an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, testimony and instructions, so that therefrom we can comprehend the issues involved and the merits of the controversy, and be enabled thereby to decide whether or not error has been committed by the trial court calling for a reversal of the judgment. The necessity for this rule has been repeatedly pointed out, and its enforcement has been uniformly adhered to. *Neal* v. *Brandon*, 74 Ark. 320; *Files* v. *Law*, 88 Ark. 449; *Jett* v. *Crittenden*, 89 Ark. 349; *Eddy Hotel Co.* v. *Ford*, 90 Ark. 393; *Haglin* v. *Atkinson-Williams Hardware Co.*, 93 Ark. 85; *Brown* v. *Hardy*, 95 Ark. 123.

It has been uniformly held that when the evidence is not abstracted it will be presumed that it was sufficient to sustain the verdict of the jury; and where the instructions complained

of are not set forth in the abstract, we will indulge the pre-, sumption that no error was committed in any of the rulings thereon.

The grounds urged by appellant why the judgment should be reversed necessitate an examination of the evidence which was adduced upon the trial and of the instructions which were given and refused. This requires an abstract of the evidence and of the instructions. Such abstract has not been made.

In conformity with the repeated rulings of this court, we are constrained to hold that we will not search the transcript in this case in order to see whether or not any prejudicial error was committed by the lower court in the trial of this cause. The judgment is accordingly affirmed.