## REINHARDT v. WHITMIRE et al.

No. 2478. Opinion Filed November 14, 1911.

(119 Pac. 126.)

APPEAL AND ERROR—Appeal by Infant—Statutory Period. "In a case where an infant is plaintiff in error, and the statutory period of one year provided for in section 6082, Compiled Laws of Oklahoma 1909, has expired before the commencement of his proceeding in error, which occurs during the period of his disability, the one year referred to in said statute, relating to infants, begins to run as to him after the removal of his disability, and is not an additional period granted to him during its existence."

(Syllabus by the Court.)

*Error from District Court, Craig County; T. L. Brown, Judge.*

Action by Alma Fay Reinhardt, by her next friend, Mary A. Reinhardt, against Albert Whitmire and others. Judgment for defendants, and plaintiff brings error. Dismissed.

*James L. Allen,* for plaintiff in error.

*W. H. Kornegay,* for defendants in error.

WILLIAMS, J. The defendant in error has moved to dismiss this proceeding in error, on the ground that it was not commenced within one year after the rendition of the judgment. Counsel for the plaintiff in error insists that, as she is a minor, she may, at any time during her minority and up to the expiration of one year after she attains her majority, prosecute this proceeding in error, relying upon section 6082, Compiled Laws of Oklahoma 1909.

In *Birdie Holland, a Minor, by Noah S. Holland, Her Legal Guardian, v. Eliza Beaver, ante,* p. 115, 116 Pac. 766, this question has been determined adversely to the plaintiff in error. Paragraph 2 of the syllabus is as follows:

"In a case where an infant is plaintiff in error, and the statutory period of one year provided for in section 6082, Compiled Laws of Oklahoma 1909, has expired before the commencement of his proceeding, which occurs during the period of his

disability, the one year referred to in said statute, relating to infants, begins to run as to him after the removal of his disability, and is not an additional period granted to him during its existence."

The motion to dismiss is therefore sustained.

TURNER, C. J., and HAYES and KANE, JJ., concur; DUNN, J., absent and not participating.