JOHN B. TURNER, CHIEF JUSTICE.
SAMUEL W. HAYES, }
R. L. WILLIAMS, }
MATTHEW J. KANE, } JUSTICES.
JESSE J. DUNN. }

---

## ARKANSAS VALLEY NAT. BANK v. CLARK.

No. 1314.  Opinion Filed January 9, 1912.

Rehearing Denied March 12, 1912.

(122 Pac. 135.)

**APPEAL AND ERROR—Review—Insufficiency of Briefs.**  Rule 25 of the Supreme Court (20 Okla. xii, 95 Pac. viii), which provides that in all cases except felonies the brief of the plaintiff in error in substance shall set forth the material parts of the pleadings, proceedings, and facts upon which reliance is had for reversal, so that no examination of the record itself need be made in said court, and shall also contain specifications of the errors complained of, separately set forth and numbered, is mandatory, and where it is not observed, and counsel for the defendant in error in his brief insists that such rule has not been complied with, and the plaintiff in error, making no request for permission to amend its brief, permits said cause to be submitted with the briefs in that condition, the alleged errors will not be reviewed.

(Syllabus by the Court.)

*Error from District Court, Pawnee County;*
*John Caruthers, Judge.*

Action between the Arkansas Valley National Bank and E. M. Clark. From the judgment, the Bank brings error. Dismissed.

*Eagleton & Biddison,* for plaintiff in error.

*Louis S. Wilson, Victor O. Johnson,* and *E. M. Clark,* for defendant in error.

WILLIAMS, J. The brief of plaintiff in error was filed on January 19, 1910; that of defendant in error on January 25, 1911. On May 1, 1911, plaintiff in error filed a reply brief. Counsel for defendant in error insist that the appeal should be dismissed, on the grounds that: (1) The brief contains no abstract or· abridgment of the transcript covering the pleadings assailed in the petition in error; (2) that there is no index to any abstract; (3) that the instructions complained of are not set out *in totidem verbis;* and (4) that said brief contains no specifications of the errors complained of, separately set forth and numbered.

Rule 25 of this court (20 Okla. xii, 95 Pac. viii) requires the brief of plaintiff in error to meet such requirements. Both briefs of plaintiff in error in this case wholly failing to meet this requirement, the appeal must be dismissed. *Roof v. Franks,* 26 Okla. 392, 110 Pac. 1098; *Seaver v. Rulison,* 29 Okla. 128, 116 Pac. 802; *Queen of Ark. Ins. Co. v. Public School District* (Ark.), 140 S. W. 135.

All the Justices concur.