REYNOLDS v. PHIPPS *et al.*

No. 1727.   Opinion Filed May 14, 1912.

(123 Pac. 1125.)

1.  APPEAL AND ERROR—Briefs—Specifications of Error—Effect of Defects. Where brief of plaintiff in error fails to contain specifications of error complained of, separately set forth and numbered, and argument and authorities in support thereof stated in the same order, as required by rule 25 of this court (20 Okla. xii, 95 Pac. viii), the appeal may be dismissed.

2.  SAME—Proceedings to Transfer Cause—Time for Proceedings. An appeal from an order of the trial court sustaining a demurrer to plaintiff's petition for failure to state a cause of action, and refusing plaintiff permission to amend, by reason of section 6082, Comp. Laws 1909, must be commenced in this court within one year after the rendition of the order, or the same will be dismissed.

3.  SAME. An appeal from an order dissolving a temporary injunction, by reason of section 6093, Comp. Laws 1909, must be filed in this court within 30 days after the date of the order appealed from, or the same will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Okmulgee County;*
*W. L. Barnum, Judge.*

. Action by H. R. Reynolds against J. F. Phipps and others. Judgment for defendants, and plaintiff brings error. Dismissed.

*Eaton & Carter,* for plaintiff in error.

*W. W. Witten,* for defendants in error.

HAYES, J.   This action was originally brought before the admission of the state, in the United States Court for the Western District of the Indian Territory at Sapulpa by plaintiff in error, hereinafter called plaintiff, against defendants in error, as United States marshal and deputy United States marshal for said district, hereinafter called defendants.

By her amended petition in the court below, plaintiff seeks to have set aside a certain judgment rendered in the United States Court for said district against her on appeal thereto from one of the United States commissioner's courts of said district, and, pending the hearing on said petition, to have a temporary injunction, enjoining defendants from levying an execution issued under the judgment she seeks to have vacated and set aside as having been obtained by fraud.   This appeal was filed in this court on May 30, 1910.   It must be dismissed upon two grounds: Rule 25 of this court (20 Okla. xii, 95 Pac. viii) requires that the brief of plaintiff in error shall contain the specifications of error complained of, separately set forth and numbered, and the argument and authorities in support thereof stated in the same order. *Ferguson v. Union Nat. Bank,* 23 Okla. 37, 99 Pac. 641; *Mahaney v. Union Inv. Co.,* 23 Okla. 533, 101 Pac. 1054.   Plaintiff's brief herein contains no specification of error; and, although we have read the same carefully, we have been unable to determine of just what acts of the court below she complains, or what questions of law she seeks to have determined by this appeal.

Upon filing plaintiff's original petition the trial court granted a temporary injunction, restraining defendants from levying the execution referred to in plaintiff's petition.   A demurrer to her original petition was sustained, and after an amended petition had been filed by her, a demurrer thereto was also sustained on the 12th day of January, 1909.   On the 21st day of June, 1909,

a motion was made by defendants to dissolve the temporary injunction, which was by the trial court sustained. If it was intended that this appeal should be from the order sustaining the demurrer to the amended petition, then, by reason of section 6082, Comp. Laws 1909, this proceeding should be dismissed, because not commenced within one year after the rendition of the order complained of. *Beckwith v. Forest,* 24 Okla. 226, 103 Pac. 748; *Sumner et al. v. Sherwood,* 25 Okla. 70, 105 Pac. 642; *Tennison v. Engle,* 23 Okla. 679, 101 Pac. 1132.

On the other hand, if it is intended that the appeal shall be from the order vacating the temporary injunction, then the same, under section 6093, Comp. Laws 1909, should be dismissed, because not filed in this court within 30 days after the order dissolving the temporary injunction. *Pioneer Telephone & Telegraph Co. v. Incorporated Town of Chelsea,* 23 Okla. 720, 102 Pac. 83. The order sustaining the demurrer to the amended petition refuses plaintiff permission to amend, and effectually disposes of the cause, and is, in its effect, a final judgment, dismissing the cause of action; and we think that the subsequent action relative to the dissolving of the temporary injunction was unnecessary to defendants. But, whether such is its effect or not, this appeal in no event can be sustained, because not taken from either order within the time fixed by the statute.

There was a motion for a new trial or to vacate and set aside these orders; but, since a motion for a new trial is not necessary to review the orders, the filing of same did not operate to extend the time within which an appeal must be taken.

The appeal is accordingly dismissed.

All the Justices concur.