FIRE ASS'N OF PHILADELPHIA v. BRYANT &
WHISTLER *et al.*

QUEEN INS. CO. OF NORTH AMERICA v. SAME.

Nos. 1884, 1885.    Opinion Filed September 11, 1912.

Rehearings Denied October 22, 1912.

(127 Pac. 699.)

**APPEAL AND ERROR**—Briefs—Sufficiency.   This case follows that of
Arkansas Valley National Bank v. Clark, 31 Okla. 413, 122 Pac.
135.

(Syllabus by the Court.)

*Error from District Court, Craig County;*
*T. L. Brown, Judge.*

Actions between the Fire Association of Philadelphia and
Bryant & Whistler and others, and between the Queen Insurance
Company of North America and Bryant & Whistler and others.
From the judgments, the insurance companies bring error.  Affirmed.

*Burwell, Crockett & Johnson,* for plaintiffs in error.

*Wm. P. Thompson,* for defendants in error.

WILLIAMS, J.   The only specification of error contained
in the brief of the plaintiffs in error is as follows:

"Each of the plaintiffs in error filed a motion for new trial
in the court below, which was overruled, and exceptions saved.
We urge that these orders of the court constituted error, and
are insisting upon the questions raised by these motions."

Neither do the grounds of the motion for new trial, nor
any reference to the pleadings, anywhere appear in said brief.

In *Arkansas Valley National Bank v. Clark,* 31 Okla. 413,
122 Pac. 135, the syllabus is as follows:

"Rule 25 of the Supreme Court (20 Okla. xii, 95 Pac. viii),
which provides that in all cases, except felonies, the brief of the
plaintiff in error in substance shall set forth the material parts

of the pleadings, proceedings, and facts upon which reliance is had for reversal, so that no examination of the record itself need be made in said court, and shall also contain specifications of the errors complained of, separately set forth and numbered, is mandatory, and where it is not observed, and counsel for the defendant in error in his brief insists that such rule has not been complied with, and the plaintiff in error, making no request for permission to amend its brief, permits said cause to be submitted with the briefs in that condition, the alleged errors will not be reviewed."

The brief totally fails to set out in substance the material part of the pleadings, or to contain the specifications of errors complained of, separately set forth and numbered, other than is hereinbefore mentioned.

Counsel for defendants in error insist that said brief totally fails, in the respects hereinbefore pointed out, to comply with said rule 25, *supra*. We think that the contention of the defendants in error should be sustained, and, on the authority of *Arkansas Valley National Bank v. Clark, supra,* the judgment of the lower court must be affirmed.

TURNER, C. J., and HAYES, KANE, and DUNN, JJ., concur.