## INDIAN LAND & TRUST CO. *et al.* v. WIDNER.

No. 2701.   Opinion Filed February 11, 1913.

Rehearing Denied March 13, 1913.

(130 Pac. 531.)

**APPEAL AND ERROR—Briefs—Effect of Defects.** Where the brief of plaintiffs in error fails to contain specifications of error complained of, separately set forth and numbered, and argument and authorities in support thereof stated in the same order, as required by rule 25 of this court (20 Okla. xii, 95 Pac. viii), the appeal will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

Action between the Indian Land & Trust Company and others and R. W. Widner. From the judgment, the Indian Land & Trust Company and others bring error. Dismissed.

*Lewis C. Lawson,* for plaintiffs in error.

*Mann, Rogers & Harris,* for defendant in error.

WILLIAMS, J.   On August 2, 1911, counsel for defendant in error filed a motion in this court to dismiss this proceeding in error for the reason that the brief of plaintiffs in error, filed in this cause, fails to comply with rule 25 of this court. On August 1, 1911, counsel for plaintiffs in error accepted service of copy of said motion, and on September 30, 1911, filed a reply brief to the brief of the defendant in error, but in no way attempted to bring the brief in chief within said rule 25.

In *Arkansas Valley National Bank v. Clark,* 31 Okla. 413, 122 Pac. 135, the syllabus is as follows:

"Rule 25 of the Supreme Court (20 Okla. xii, 95 Pac. viii), which provides that in all cases, except felonies, the brief of the plaintiff in error, in substance, shall set forth the material parts of the pleadings, proceedings, and facts upon which reliance is had for reversal, so that no examination of the record itself need

be made in said court, and shall also contain specifications of the errors complained of, separately set forth and numbered, is mandatory; and where it is not observed, and counsel for the defendant in error in his brief insists that such rule has not been complied with, and the plaintiff in error, making no request for permission to amend its brief, permits said cause to be submitted with the briefs in that condition, the alleged errors will not be reviewed."

In *Reynolds v. Phipps et al.*, 31 Okla. 788, 123 Pac. 1125, paragraph 1 of the syllabus is as follows:

"Where brief of plaintiff in error fails to contain specifications of error complained of, separately set forth and numbered, and argument and authorities in support thereof stated in the same order, as required by rule 25 of this court (20 Okla. xii, 95 Pac. viii), the appeal may be dismissed.".

See, also, *Lawless v. Pitchford*, 33 Okla. 633, 126 Pac. 782; *Fire Association of Philadelphia v. Bryant & Whistler et al.*, 33 Okla. 698, 127 Pac. 699.

The plaintiffs in error in their brief utterly failed to make specifications of error, as required by said rule.

The motion to dismiss must be sustained.

All the Justices concur.