## RHOME MILLING CO. v. FARMERS' & MERCHANTS' NAT. BANK OF HOBART.

No. 2986.   Opinion Filed November 18, 1913.

(136 Pac. 1095.)

1.   **APPEAL AND ERROR—Perfecting Appeal—Time.** By reason of section 6082, Comp. Laws 1909 (Rev. Laws 1910, sec. 5255), this court cannot consider the question whether a district court erred in sustaining a demurrer to one of the counts of plaintiff's petition stating a separate cause of action, when the petition in error is filed in this court more than one year after the ruling of the court was made sustaining such demurrer, notwithstanding the fact that the proceeding was begun within one year from the date of the order of the court overruling the motion for new trial.

2.   **SAME—Exception Below—Ruling on Evidence.** A ruling of a trial court upon an objection to the introduction of certain evidence cannot be reviewed in this court on appeal, where no exception was taken to the ruling of the trial court upon such objection.

3.   **SAME—Change of Theory.** A plaintiff in error, who proceeds upon one theory in the trial court, and loses, will not be permitted on appeal in this court to change front, and claim the right to recover upon some other theory.

4.   **SAME—Brief—Instruction.** Under rule 25 of this court (38 Okla. x, 95 Pac. viii), where a party complains of the giving or refusal to give an instruction, he should set out in his brief in *totidem verbis* separately the instruction to which he objects. A general complaint that the court erred in giving or refusing an instruction, without complying with the foregoing rule, will not be considered.

(Syllabus by the Court.)

*Error from County Court, Kiowa. County;*
*J. W. Mansell, Judge.*

Action by the Rhome Milling Company against the Farmers' & Merchants' National Bank of Hobart. Judgment for defendant, and plaintiff brings error. Affirmed.

*L. M. Keys,* for plaintiff in error.

*Joseph H. Cline* and *George L. Zink,* for defendant in error.

HAYES, C. J.   Plaintiff in error, hereinafter called plaintiff, instituted this suit in the court below against defendant in

error, hereinafter called defendant, to recover the sum of $452.70. The circumstances out of which this suit arose are substantially as follows: Plaintiff is a corporation, with its principal place of business in Rhome, Tex. Defendant is a national bank, located at Hobart in this state. John W. Dickson Grain Company is also a corporation of this state, and will hereafter be referred to as the Grain Company. During the latter part of the year 1908 the Grain Company made a contract with plaintiff, whereby it sold and agreed to convey and deliver to plaintiff a certain number of cars of wheat. During the latter part of September of said year the Grain Company shipped to plaintiff three cars of wheat, and drew draft therefor upon plaintiff, which was by plaintiff paid. Upon the arrival of the wheat, plaintiff ascertained that it had become heated, and that the same had not been cleaned, and dried, and rendered marketable in accordance with its contract with the Grain Company. Because of these facts, plaintiff refused to receive the wheat, and drew a draft upon the Grain Company for the sum of $2,534.37, which it had paid the Grain Company for the wheat, with bill of lading attached for the three cars of wheat. This draft, which was a demand draft, was made payable to the State National Bank of Ft. Worth, Tex. This bank forwarded this draft for collection to defendant. When one J. W. Malone, an officer of plaintiff, drew the draft, he requested that the sending bank transmit it to defendant for collection, and he wrote a memorandum upon the draft, or upon a slip accompanying the draft, as follows: "Ben, wire if your bank will protect this draft"—signed J. W. Malone. The person referred to in this statement was Ben Lovelace, the cashier of defendant bank. Upon receipt of the draft, it was presented by defendant to the Grain Company, which demanded three days of grace, and stated that the draft would be paid at that time. Thereupon, the cashier of defendant, Ben Lovelace, wired the State National Bank at Ft. Worth, the remitting bank, as follows: "Dixon draft, $2,500 unpaid, but accepted"—signed Farmers' & Merchants' Bank. The draft was not paid upon the expiration of the three days of grace, but was at that time, to wit, on the 5th day of

October, 1908, protested by defendant for nonpayment. When plaintiff received notice of the protest of the draft, it thereupon took possession of the three cars of wheat, and disposed of same to the best advantage possible, and gave the Grain Company credit for the net proceeds of the wheat in the sum of $2,081.65. This action is brought to recover the difference between the net proceeds of the wheat and the amount of the draft drawn upon the Grain Company, payment of which the Grain Company refused.

In its amended petition, plaintiff sets up two separate causes of action against the defendant bank. In the first count it is sought to recover against the bank upon the theory that the telegram from defendant to the bank remitting the draft constituted an agreement upon the part of the bank to pay to plaintiff the amount of such draft, and that, by reason of said agreement, the defendant bank was liable for the full amount of the draft, less the proceeds of the sale of the wheat. By the second count in its petition, plaintiff seeks to recover from defendant upon the theory that it had not exercised diligence, and had been negligent in presenting the draft to the Grain Company and demanding payment thereof. It alleges that on the 2d day of October the Grain Company owned and held upon the railway tracks near plaintiff's business in the state of Texas a large amount of wheat, to wit, four cars, subject to plaintiff's suit in attachment, of sufficient value, if then seized and sold under plaintiff's attachment, to have fully paid the indebtedness of the Grain Company to plaintiff, that within the three days during which defendant held the draft before protesting same the Grain Company disposed of said wheat, and that said company was and is now wholly insolvent, and plaintiff is unable to collect from it the balance on the draft by not having been able to collect same by means of an attachment against said wheat. By reason of these facts, it alleges that it was damaged to the amount of said draft and protest fees, upon which it has credited the proceeds of the three cars of wheat referred to in the first count of its petition, leaving a balance on the damages sustained by it, the sum sought to be recovered in this action. To each count of its

amended petition, defendant filed a demurrer, which was as to the first count sustained on July 12, 1909. No leave to amend was ever asked for or granted, and no amendment to the petition was filed subsequent to the action of the court upon the demurrer. The cause, however, afterwards, on January 21, 1911, proceeded to trial before a jury upon the issues raised under the second count of plaintiff's petition and defendant's answer thereto, resulting in a verdict and judgment in favor of defendant. To reverse this judgment, this appeal was filed in this court on August 29, 1911.

The first specification of error set forth in plaintiff's brief and urged for reversal of the cause is that the court erred in sustaining defendant's demurrer to the first count of its amended petition and to the cause of action therein set forth. This action of the trial court, however, cannot be reviewed. At the time the order complained of was rendered, section 6082, Comp. Laws 1909 (Rev. Laws 1910, sec. 5255), was in force, by which it is required that a proceeding to reverse a judgment or final order of a court in a civil action shall be commenced within one year after the rendition of the judgment or order complained of. More than two years elapsed after the trial court sustained said demurrer before this proceeding was instituted, and, under the previous decisions of this court, the court was without jurisdiction to review the order of the court sustaining said demurrer. *Holland v. Beaver,* 29 Okla. 115, 116 Pac. 766, Ann. Cas. 1913A, 814; *Reynolds v. Phipps et al.,* 31 Okla. 788, 123 Pac. 1125. See, also, *Blackwood v. Shaffer,* 44 Kan. 273, 24 Pac. 423, which is also controlling upon this question.

Referring to its second and third assignments of error, plaintiff complains of the action of the court in rejecting certain evidence. The evidence rejected and the substance thereof is not set forth in the brief as required by rule 25 (38 Okla. x, 95 Pac. viii), nor is there any specification of error made in its brief pertaining to such evidence as required by said rule. Reference is made to certain pages of the case-made; but, upon examination of those pages, the only objection we find made to the evidence therein contained was overruled by the court.

As to the fourth assignment, it complains that the court erred in permitting the witness Ben Lovelace, cashier of defendant bank, to be asked the question, "I will ask you if you followed the instructions," which witness answered in the affirmative. The record discloses that this question was asked without objection. After it was answered, an objection was interposed; but no motion was made to strike the answer, and no exception was taken to the ruling of the court overruling the objection. The action of the court thereon, therefore, is not presented for review. *Dunham v. Holloway,* 3 Okla. 244, 41 Pac. 140; *Marion v. Territory,* 1 Okla. 217, 32 Pac. 116; *Capital Fire Ins. Co. v. Carroll,* 26 Okla. 286, 109 Pac. 535.

The sixth specification of error is that the court erred in instructing the jury that, before it could find for the plaintiff, it must find from a preponderance of the evidence that at the time of the receipt of the telegram from defendant bank, and thereafter during the period elapsing between such time and the time when the notice of the protest of the draft was received by plaintiff, there was property belonging to the Grain Company within reach of the process of the court, available to plaintiff, by means of which plaintiff might attach and hold the same, and apply the same to the satisfaction of its indebtedness, and that, by the acts of defendant bank complained of, plaintiff was induced to and did forbear the enforcement of its claim and the realization thereof against such property of the Grain Company. Plaintiff complains that this instruction precludes it from recovering, although it should appear that if a vigorous effort had been made at Hobart, the residence of defendant and of the Grain Company, on the date the draft was received by defendant bank, it might have resulted in the collection of said draft. No error was committed in giving this instruction, for plaintiff, in his petition, definitely specified the source of his damages, which was that, by delay in the presentation and protesting of the draft, plaintiff was prevented from enforcing his claim against the Grain Company by means of attachment against certain cars of wheat then located near the place of business of plaintiff and subject to attachment, and plaintiff alleges in his petition that

the Grain Company was at that time and is now wholly insolvent. This was the theory upon which plaintiff presented its evidence to the court. There is no allegation in the petition and no effort made in the introduction of evidence to establish that plaintiff could have realized upon its claim against the Grain Company during the delay between the receipt of the draft by defendant bank and the protest thereof by any other means than attachment against the cars of wheat then located near the place of business of plaintiff, and the theory of the case for which he now contends seems to have been presented by it for the first time in this court. It is well settled that a party cannot proceed to trial of a case upon one theory, and, having lost, on appeal to this court try to prevail by changing and proceeding upon a different theory. *Duffy v. Scientific Compiling Dept.,* 30 Okla. 742, 120 Pac. 1088; *Checotah et al. v. Hardridge et al.,* 31 Okla. 472, 123 Pac. 846; *Harris v. First Nat. Bank of Bokchito,* 21 Okla. 189, 95 Pac. 781.

The seventh assignment complains of an instruction given; but the instruction is not set out in the brief, as required by rule 25 (38 Okla. x, 95 Pac. viii), and will not therefore be considered. *Lynn v. Jackson,* 26 Okla. 852, 110 Pac. 727; *Reynolds v. Hill,* 28 Okla. 533, 114 Pac. 1108; *Seaver v. Rulison,* 29 Okla. 128, 116 Pac. 802.

Finding no error in the record requiring a reversal of the cause, the judgment of the trial court is affirmed.

All the Justices concur.