Eckert v. McBee.

WILLIAM ECKERT v. HANNAH P. McBEE. .

BILL OF EXCEPTIONS; *Insufficient Certificate.* Where a bill of exceptions purports to incorporate therein the pleadings, journal entries and other matters which of themselves are a part of the record, but the certificate of the clerk to the record is merely to the effect that the foregoing is the true bill of exceptions on file in his office in the cause, the supreme court cannot reverse the judgment of the court below, as no case-made or cer-tified transcript of the record is attached to or filed with the petition in error.

*Error from Elk District Court.* ·

EJECTMENT, brought by *McBee* against *Eckert.* Trial, and judgment for the plaintiff, at the October Term, 1880, of the district court. The defendant brings the case here.

*L. Scott,* and *R. H. Nichols,* for plaintiff in error.

*T. L. Davis,* and *Chas. J. Peckham,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in the nature of eject-ment, brought in the court below by Hannah P. McBee against William Eckert. Judgment was rendered in favor of the former, and the latter brings the case to this court. The de-fendant in error challenges the record, and alleges that it is insufficient. This is the first question in the case. Attached to the plaintiff's petition in error is a bill of exceptions, which ·contains not only the evidence admitted and rejected, but also the pleadings, orders, and the entire proceedings in the case. Attached to the bill of exceptions is the following certifi-cate:

"I, W. P. Campbell, judge of the Thirteenth judicial dis-trict of Kansas (said county of Elk being in said district), hereby certify that the foregoing bill of exceptions contains a full and complete record of all the proceedings in said cause, and full and complete copies of all pleadings, orders, judg-ments, motions and orders in said cause, and full and complete statements of all copies of all exceptions to the rulings, or-

ders and judgments of the court in said cause, and full and complete copies of all pleadings, processes and instruments of every nature offered and produced in evidence by said plaintiff in said cause, and a full and complete statement of the character of evidence offered by said defendant in defense of plaintiff's cause of action, and in support of defendant's cause of action.

"Witness my hand, at the city of Howard, in the county of Elk, state of Kansas, on the 30th day of October, 1880. Done in open court at said term.

W. P. CAMPBELL, <em>Judge.</em>"

The certificate to the record is as follows:

"THE STATE OF KANSAS, COUNTY OF ELK, ss.—<em>In the District Court of said County.</em>— Hannah P. McBee v. William Eckert.—I, Asa Thompson, clerk of the district court of said county of Elk, state of Kansas, hereby certify the foregoing to be the true bill of exceptions on file in my office in said cause.

"Witness my hand and official seal, on this 30th day of [L. S.]    October, 1880.    ASA THOMPSON, <em>Clerk.</em>"

From the certificates, it appears that neither a transcript of the proceedings nor a case-made is filed or attached to the petition in error; therefore the record is not in a condition to be reviewed by this court. The certificate of the district judge goes much farther than is necessary, or the statute authorizes. The certificate of the clerk is insufficient, because it does not purport to certify that it is a transcript of the proceedings as they appear of record in his office; nor can we consider the bill of exceptions as a case-made. The motion for the new trial was disposed of on the 29th day of October, 1880, and on the next day the bill of exceptions was allowed and signed, and the formalities attending a case-made are all wanting.

This court will not reverse a judgment upon a mere bill of exceptions, although such bill of exceptions attempts to incorporate therein all pleadings, journal entries and other matters which of themselves are a part of the record, when the certificate of the clerk to the bill of exceptions fails to show that it is a certified transcript of the record of the court below.

(*Whitney v. Harris*, 21 Kas. 96; *Lauer v. Livings*, 24 Kas. 273; Comp. Laws 1879, ch. 80, § 1.)

The judgment, upon the record, must be affirmed.

All the Justices concurring.