The State v. McFarland.

---

THE STATE OF KANSAS v. JESSE MCFARLAND.

1. CRIMINAL CASE — *Judgment* — *Appeal Within Two Years.* An appeal from a judgment in a criminal action must be taken within two years after the judgment is rendered, and although the appeal is taken within proper time, yet if it is dismissed for the want of prosecution and is never reinstated, the new or subsequent appeal must also be taken within two years, or it is filed too late.

2. ——— *Appeal; Imperfect Transcript.* Where an appeal from a judgment in a criminal action is filed in this court, it must contain a transcript of the proceedings of the trial court, certified to by the clerk thereof; and, where the clerk certifies that the record is a copy of the journal entries only, no question relative to alleged errors is presented in the appeal for review.

### *Appeal from Cherokee District Court.*

PROSECUTION for taking away a female under the age of eighteen years for the purpose of concubinage. From a conviction and sentence on October 10, 1885, the defendant *McFarland* appeals. The opinion states the case.

*Cowley & Wiswell,* and *H. G. Webb,* for appellant.

*S. B. Bradford,* attorney general, for The State.

The opinion of the court was delivered by

HORTON, C. J.: Jesse McFarland was prosecuted upon an information, under § 35 of the crimes act, charging him with taking away Joanna Green, a female under the age of eighteen years, without the consent of her mother, for the purpose of concubinage. He was convicted and sentenced on October 10, 1885, to the penitentiary at hard labor for the term of five years. He filed his appeal in this court on December 8, 1886. It was assigned for hearing at the March session of the court for 1887; then continued to the May sitting, and again to the July sitting. On July 7, 1887, the appeal was dismissed upon motion of the attorney general, for want of prosecution. Subsequently, new notices of appeal were served; and the appeal was again filed in this court, on October 11, 1887.

We cannot, however, consider the alleged errors, because the only certificate attached to the record is as follows:

"STATE OF KANSAS, CHEROKEE COUNTY, ss.—I, J. A. Whitcraft, clerk of the district court within and for the county and state aforesaid, in the eleventh judicial district of said state, hereby certify that the foregoing and annexed pages contain a true, correct, full and complete copy of all journal entries in the case of The State of Kansas, plaintiff, against

Jesse McFarland, defendant, No. 828, as the same appears on file and of record in my office.

"In testimony whereof, I have hereunto set my hand and affixed the seal of said court, at my office, in the city of Columbus, in said county and state, this 3d day of November, 1885.'          J. A. WHITCRAFT, *Clerk District Court.*

[Seal District Court.]          By L. A. VINCENT, *Deputy.*"

The certificate of the judge to the bill of exceptions is as follows:

"STATE OF KANSAS, CHEROKEE COUNTY, ss.—I, George Chandler, judge of the eleventh judicial district of the state of Kansas, do hereby certify that the foregoing and attached copy of the testimony is all the testimony introduced upon the trial of said cause, and that the same contains all the objections, together with the ruling of the court, and the exceptions thereto. I do further certify that the foregoing and attached copy of the instructions given by this court upon the trial of the case of The State of Kansas *v.* Jesse McFarland is true and correct; that such instructions were given by the court upon such trial, and each and every one of the same was excepted to by the defendant at the trial; that the instructions hereto attached and forming a part of this bill of exceptions are the instructions asked for by the defendant and refused by the court, and to which ruling of the court the defendant at the time excepted, and excepts; and inasmuch as the above and foregoing does not otherwise appear of record, the same is by the court allowed and directed to be made a part of the record herein.          GEO. CHANDLER, *Judge.*

"Filed Oct. 13, 1885.—J. A. WHITCRAFT, *Clerk District Court.*

"Attest: J. A. WHITCRAFT, *Clerk District Court.*

[Seal District Court.]"

There is no certificate of either judge or clerk that a full transcript of the case is in this court; and, by the most liberal construction, there is no reference, in the certificate of the clerk or of the judge, to any copy of the information, or of the motion for a new trial. (*Shumaker v. O'Brien,* 19 Kas. 476; *Whitney v. Harris,* 21 id. 96; *The State v. Lund,* 28 id. 280; *The State v. Nickerson,* 30 id. 545; *The State v. Cash,* 36 id. 623.) As there is no certified transcript of all the

record filed in this court, no question relative to the errors alleged is presented for review.

Again, as the case was dismissed July 7, 1887, and never reinstated, and as the case under the new notice of appeal was not filed within two years after the judgment was rendered, the appeal was not taken within the time prescribed by the statute. (Crim. Code, §§ 282–284.)

As the judge has certified that all of the testimony introduced upon the trial of the case is preserved in the bill of exceptions, we have taken the trouble to read the same. Under the authority of *The State v. Hughes*, 35 Kas. 626, and *The State v. Walker*, 36 Kas. 297, there was a "consensual" marriage between McFarland and Joanna Green, in October, 1884; and at the date of McFarland's conviction, Joanna McFarland (formerly Green) was his lawful wife, with all that the term implies. McFarland could not on December 10, 1884, or at any time after the marriage ceremony at Carthage, Missouri, sell or deed away his homestead, without the consent of his wife Joanna. If he has sold or deeded away any other of his real estate in Kansas since his marriage with Joanna, then, if she shall survive him, one-half in value of all such real estate will descend to her. This, however, is mere *dictum*.

We cannot upon the record, as it is presented to us, interfere with the verdict of the jury, or the judgment of the trial court; and therefore the judgment of the district court will be affirmed.

All the Justices concurring.