THE STATE OF KANSAS v. GEORGE RICKER.

CRIMINAL CAUSE—*Appeal*—*Full Transcript.* The defendant in a criminal cause cannot have the judgment rendered against him reviewed in the supreme court upon anything short of a full and true transcript of all the pleadings, papers and proceedings which make up the record of the cause.

*Appeal from Finney District Court.*

PROSECUTION for gaming. The opinion states the case.

*Milton Brown,* for appellant.

*S. B. Bradford,* attorney general, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: George Ricker was indicted for gaming, by the grand jury of Finney county, at the May term of the district court, 1887, and was convicted of the charge at the August term of the same year, when the court adjudged that he pay a fine of $15 and the costs of the prosecution. He has attempted to appeal from that judgment, and alleges two errors: First, that the indictment was not found by a legal grand jury; and, second, that there is no record that the grand jury returned the indictment upon which he was prosecuted.

The state challenges the validity of the transcript and the appeal; and for manifest defects the errors assigned cannot be considered. To complete an appeal and entitle the defendant to a review, he must bring to this court a transcript of all the pleadings, papers and proceedings which are of record in the cause in the district court; and this transcript must be duly authenticated as such by the clerk of that court. In this case the clerk, instead of making a certificate of a general and inclusive character, enumerates certain proceedings, and then states certain exceptions, and certifies that the transcript contains true, full and complete copies of the original pleadings, pleas, orders, bills of exceptions, and journal entries, as the same appear by the record of the court, "except as above

stated." The exceptions are, that the transcript does not contain copies of certain pleas in abatement that were filed, and there is also omitted from the transcript the ruling of the court upon the second plea in abatement. The reason given for the omission is, that the pleas and entries were not on file in the office of the clerk when the transcript was made. There are copies of pleas and entries in other cases substituted, which are said to be similar to those that are lost; but this is not sufficient. The only questions brought up for review were raised in the district court upon the pleas in abatement, and hence it is exceedingly important that a full and true transcript of the record made upon these should be preserved and presented upon this appeal. The certificate of the clerk not only discloses that the transcript is not correct and complete, but that the portion of the record excluded is essential to the decision of the questions upon which a reversal is sought. The defendant in a criminal cause cannot have an adverse judgment reviewed in this court upon anything short of a full and true transcript of all the pleadings, papers and proceedings which make up the record of the cause. (*The State v. McFarland*, 38 Kas. 664; *The State v. Cash*, 36 id. 623; *The State v. Nickerson*, 30 id. 545; *The State v. Lund*, 28 id. 280.)

The judgment of the district court will be affirmed.

All the Justices concurring.