WILLIAM E. BRUCE v. THE CASEY-SWASEY COMPANY.

(Filed January 13, 1904.)

1. TRANSCRIPT—Certificate. Where a case is presented to the supreme court on appeal upon a transcript of the record of the court below, the certificate thereto must be full and complete, and specifically show that the record contains a full, true and complete transcript of the record.

2. BILL OF EXCEPTIONS—Filing. A bill of exceptions never becomes a part of a record until it is filed in the trial court; and; unless filed, it cannot be copied into a transcript, and presents no error to this court.

3. SAME. A reference in a bill of exceptions to an affidavit as "Exhibit A," and not otherwise incorporated, is not sufficient to make it a part of the bill of exceptions. It must be annexed to the bill and be embodied in it in order to be a part of it.

4. SAME—Affidavit. Affidavits used on a motion, to become a part of the record in such a way as to enable the supreme court to review the same, must be made part of the record by bill of exceptions or incorporated into the case-made.

(Syllabus by the Court.)

*Error from the Probate Court of Kiowa County; before Harris Finley, Trial Judge.*

Madaris & McKeene, for plaintiff in error.

No appearance for defendant in error.

Opinion of the court by

PANCOAST, J.: As shown by the plaintiff's brief, this was an action brought in the probate court of Kiowa county. The original action was brought by the defendant in error, The Casey-Swasey Company, against D. C. Bruce to recover the sum of four hundred and twelve dollars. An attachment was issued and levied upon certain personal property which was claimed by the plaintiff in error as his property. The defendant, D. C. Bruce, allowed the action to go by default. The plaintiff in error made a motion to discharge the attached property from the writ, alleging as grounds therefor that he was the owner thereof.

The case is brought to this court upon what purports to be a transcript of the record. There is attached to this record what seems to have been intended as a bill of exceptions, together with what purports to be copies of other papers, including motions, pleadings, affidavits, judgments, etc. That part of the record intended for the bill of exceptions contains the oral evidence which seems to have been introduced on the trial. Other evidence in the form of affidavits is referred to as exhibits, but not included in the bill of exceptions. Nowhere in the record is the purported bill of exceptions shown to have been filed in the probate court. If there ever was a bill of exceptions allowed, signed and filed, there is no transcript of the same brought to this court. The paper purporting to be a bill of exceptions, instead of being a transcript, is, if anything, what was intended as the original bill of exceptions allowed by the probate court with his seal attached, but never filed so as to make it a part of the record.

The certificate of the probate judge attached at the end of the record is sufficient in form for a certificate to a

transcript, but the record containing matters that can only be preserved and brought to this court by bill of exceptions or case-made, such matters should be excluded, and cannot be considered by this court.

This leaves the transcript as containing only the journal entries of orders made by the court, and the interplea. This incomplete and insufficient record presents no error to this court for review. A bill of exceptions never becomes a part of a record until duly filed, and unless filed it presents no error to this court. (*Brown v. Rhodes,* 1 Kans. 364; *The State v. Bohan,* 19 Kans. 28; *State v. Schoenwald,* 26 Kans. 288.)

After a bill of exceptions is signed, filed and made a part of the record of an action, it can then be presented to the supreme court in a transcript of the case. (*Shuemaker v. O'Brian,* 19 Kansas 476.)

Where a party desires to use that part of a record embraced in a bill of exceptions in proceedings in error, he must obtain a certified transcript. He will not be allowed to use the original of a bill which was never filed, and therefore not a part of the record. (*Jackson v. Stoner,* 17 Kansas 605.)

A reference to an affidavit as "Exhibit A," not otherwise incorporated in the bill of exceptions, is not sufficient to make it a part of the record. It must be annexed to the bill and be embodied in it in order to be made a part of it. (*A. & N. Ry. Co. v. Wagner,* 19 Kansas 335.)

Affidavits used on a motion, to become a part of the record in such a way as to enable the supreme court to review the same, must be included in the bill of exceptions or case-made. (*Backus v. Clark,* 1 Kansas 303; *Altschiel v. Smith,* 9 Kansas 90; *Jinks v. School District,* 18 Kansas 356.)

The citation of authorities sustaining the above propositions might be multiplied almost without number. There are no exceptions whatever to the rule laid down. Other defects appear in the record that it is deemed unnecessary to notice here. There is no record here that will enable the court to review the action of the court below. The record presenting no error to this court for review, the judgment of the court below is affirmed.

All the Justices concurring.