W. A. WADE, J. H. STIEN, A. A. SILBERSTINE, W. H. JENNINGS AND F. M. WEAVER v. EDWARD F. MITCHELL.

(Filed June 11, 1904.)

1. APPEAL—Transcript Not Sufficient, When. Where a transcript on appeal fails to show affirmatively that it contains a true, full and complete copy of all the proceedings on the trial which are properly a part of the record, this court will not review alleged errors.

2. SAME—Certification. The record must be authenticated by the clerk, and it must appear from his certificate that it is a complete transcript. If the certificate shows less than this, the case will be dismissed.

3. SAME. The statute prescribes two methods of presenting a case to the supreme court, one by a case made, which may contain only so much of the record as presents the alleged error complained of; the other by transcript, which can be nothing less than the complete record, and this must appear from the certificate of the clerk. and the court need not look to the record to determine what it contains.

(Syllabus by the Court.)

*Error from the District Court of Comanche County; before F. E. Gillette, Trial Judge.*

*C. O. Blake, E. E. Blake, W. T. Beeks* and *John Livingston,* for plaintiffs in error.

*Cease & Whalen* and *Rice, Mitschrich & Rice,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: This cause comes to this court upon what purports to be a transcript of the record. The certificate of the clerk to the transcript states that it contains "a full, true and correct copy of the petition, demurrer and journal entry." It does not purport to be a full, true and complete transcript of all the papers and proceedings in the cause as appears from the records in the office of the clerk of said court. Every presumption must be entertained in favor of the regularity of the proceedings in the trial court, and in support of its judgment. In the absence of a complete record, where the cause is presented upon a transcript, it will be presumed that the court took proper steps to and did correct any apparent errors appearing upon the face of an incomplete transcript.

"It follows, accordingly, that where the transcript on appeal fails to show affirmatively that it contains a *true, full and complete* copy of all the proceedings on the trial which are properly a part of the record, the court will not review alleged errors." (2 Enc. Pl. & Pr. 294).

The court need not examine the record to see what it contains. It must be authenticated by the clerk, and it must appear that it is a complete transcript from his certificate. If the certificate shows less than this, the case will not be reviewed, but will be dismissed.

It was said in *Westbrook v. Schmans,* 51 Kan. 214, 32 Pac. 812:

"The petition in error is based upon a transcript instead of a case made, and the clerk in the certificate attached certifies that it 'is a full, true and correct copy of certain proceedings had in said court in the case therein entitled as the same appears of record in my office.' The certificate fails to show that the record contains a complete transcript of the proceedings in the cause. Nothing short of a full transcript of all the proceedings is sufficient, and that it is a complete transcript must appear from the certificate of the clerk. Within the authority of *Whitney v. Harris,* 21 Kan. 96; *Eckert v. McBee,* 25 Kan. 706; *State v. Rickes,* 40 Kan. 14, 19 Pac. 357; *Neisweider v. James,* 41 Kan. 463, 21 Pac. 573."

The certificate in the case under consideration shows that the record only contains specific portions of a case, which may be or may not be all of the record in the court below.

It is the duty of the complaining party to make an affirmative and conclusive showing of error. This cannot be done by a partial or incomplete transcript. Our statute provides for two methods of bringing a cause to this court. The petition in error must have attached to it either a

transcript of the proceedings below, or a case made. If the case is presented for review upon a transcript, it must be a complete transcript of the record in the trial court. If the case is presented by a case made, then the party presenting the case may incorporate only such portions of the record as will present to the appellate court the errors complained of. By the case made method the cause may be presented upon a short record, but by the transcript method no authority exists for omitting any of the proceedings of the trial court which are properly parts of the record, and the certificate to the transcript must show that it contains a full, true and complete transcript of all the papers and proceedings in said cause, as the same appears on file or of record in his office.

The cause is dismissed at the costs of plaintiffs in error, and remanded to the trial court.

Gillette, J., who presided in the court below, not sitting; all the other Justices concurring.