JAMES E. WALCHER, *non compis mentis, by* MATTIE E. WAL-CHER, *his next friend, v.* FANNIE M. STONE *et al.*

(Filed January 11, 1905.)

1.  **APPEAL—Transcript—Clerk's Certificate.** A transcript of the record is not sufficiently authenticated unless the clerk's certificate states that it contains all the records and proceedings in the case.

2.  **SAME Motion to Withdraw.** A motion for leave to withdraw the certificate of the clerk for the purpose of having the same amended, comes too late when more than one year has elapsed since the rendition of the judgment from which an appeal is taken.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before John H. Burford, Trial Judge.*

*Buckner & Son,* for plaintiff in error.

*Dale & Bierer,* for defendant in error.

### STATEMENT OF FACTS.

This case comes to this court by petition in error and transcript from the Logan county district court. The plaintiff complains of an order of said court sustaining the demurrer to the petition of the plaintiff in error. The certificate of the clerk to said transcript, is as follows:

"Territory of Oklahoma, County of Logan, ss. In the district court thereof.

"I, T. A. Neal, clerk of the district court of Logan county, Oklahoma Territory, do hereby certify that the above and foregoing is a true, correct and complete copy of the order and judgment of said court in the therein entitled cause, *James E. Walcher et al. v. Fannie M. Stone et al.,* No.

3631, in said court, as the same appears of record and on file D. 1903.

"In witness whereof I have hereunto set my hand and affixed the seal of said' court, at the city of Guthrie, in said county and Territory, this seventeenth day of November, A. D. 1903.

"(SEAL)

"T. A. NEAL, Clerk.
"By FLORENCE N. WEIRICK, Deputy."

This transcript seems to be accompanied and have attached thereto, two certificates of the clerk of the district court, from which we presume that the latter is intended as an amended or supplemental certificate. The latter certificate reads as follows:

"Territory of Oklahoma, County of Logan, ss.  In the district court thereof.

"I, T. A. Neal, clerk of the district court of Logan county, Oklahoma Territory, do hereby certify that the above and foregoing is a true, correct and complete copy of the petition and demurrer in the cause of *James E. Walcher etc., v. Fannie M. Stone, et al.*, No. 3631, in said court as the same appears on file in my office.

"In witness whereof I have hereunto set my hand and affixed the seal of said court, at the city of Guthrie, in said county and territory, this ninth day of February, A. D. 1904.

"(SEAL)

"T. A. NEAL, Clerk.
"By FLORENCE N. WEIRICK, Deputy."

Opinion of the court by

IRWIN, J.:  The first proposition which is presented for our consideration is the motion of the defendant in error to dismiss for insufficiency of the certificate of the clerk, and because no proper or sufficient record is presented whereon this court can review the action of the district court, and ac-

companying this motion to dismiss is a motion made on the part of the plaintiff in error for leave to withdraw the certificate of the clerk from the files in this court, for the purpose of having the same amended. This court, in the case of *Wade v. Mitchell,* being No. 1319, decided at the June term, 1904, of this court, held that such certificates as those described in the record in the case at bar, were insufficient to present such a record as would authorize this court to review the action of the district court. This court, in that opinion decided that a certificate of the clerk which states that a transcript contains "a full, true and correct copy of the petition, demurrer, and journal entry" is sufficient. We take the rule to be well established, and supported by an almost unbroken line of authorities, that nothing short of a full transcript of all the proceedings is sufficient to bring the alleged error up for review, and that such a full and complete transcript of all the pleadings must be evidenced by the certificate of the clerk, and the certificate must contain language which shows this fact. The statutes of this Territory providing for appeals and writs of error to the supreme court was adopted from the state of Kansas, and hence any rule of construction that has been adopted and generally followed by the supreme court of that state, prior to its adoption by this Territory, was adopted with the statute by the legislature of this Territory, and is recognized as a binding rule of construction upon this court.

In the case of *William Eckert v. Hannah P. McBee,* 25 Kan. 705, the supreme court of that state say:

"Where a bill of exceptions purports to incorporate therein the pleadings, journal entries, and other matters which of themselves are a part of the record, but the certificate of the clerk is merely to the effect that the foregoing is the true bill of exceptions on file in his office in the cause, the

supreme court cannot reverse the judgment of the court below, as no case made or certified transcript of the record is attached to or filed with the petition in error."

In the case of *Westbrook vs. Schmans,* reported in 32 Pac. 892, the Kansas supreme court say;

"Where the record brought up for review of the rulings of the district court is based upon a transcript, it is essential that it shall contain all the proceedings of the case as shown by the record in the court below, and that it is a complete transcript, must appear from the certificate of the clerk."

And that court used the following language:

"This proceeding was brought to review the rulings and judgment of the district court of Butler county in an action to quiet title. The right to a review is challenged on account of the insufficiency of the record. The petition in error is based upon a transcript, instead of a casemade, and the clerk, in the certificate attached, certifies that it is a full, true, and correct copy of certain proceedings had in said court in the case therein entitled as the same appears of record in my office. The certificate fails to show that the record contains a complete transcript of the proceedings in the cause. Nothing short of a full transcript of all the proceedings is sufficient, and that it is a complete transcript must appear from the certificate of the clerk."

In the case of *Todd v. Gurney Ranch Co.,* reported in the 53 Pac. page 789, the Kansas supreme court say:

"A transcript of the record is not sufficiently authenticated unless the clerk's certificate states that it contains all the records and proceedings in the case."

In the case of *Bank of Santa Fe v. Hussey, et al.,* reported in the 50 Pac. page 977, the Kansas supreme court speaking through Mr. Justice Johnson, say:

"The certificate fails to show that the record contains a complete transcript of the proceedings in the cause. Noth-

ing short of a full transcript of all the proceedings is sufficient, and that it is a complete transcript, must appear from the certificate of the clerk."

In the case of *Byers v. Leavenworth Lodge,* 54 Kan. 321, 38 Pac. 302, the supreme court of Kansas say:

"The clerk could have certified, if such were the case in two or three lines, that the transcript to which he attached his name was 'a true, full and complete transcript of the proceedings in the case, as the same appears of record in my office.' He did not do this. Instead thereof, he certified 'that the transcript contained a true, full and complete copy' of certain pleadings, motions, entries, etc. His certificate does not show that these were all the records and proceedings that should have been certified to this court in the transcript."

This was held to be insufficient. Hence, under the authorities herein cited, and the rule announced by our own supreme court at the June term, in the case of *Wade v. Mitchell,* we think there can be no doubt that these certificates are wholly insufficient to present a record upon which this court could review the action of the district court.

That brings us to a consideration of the question of the right of the plaintiff in error to withdraw the certificate of the clerk from the files of this court for the purpose of having the same amended. Objection is made to this on the ground that more than one full year has elapsed since the judgment in this case was rendered, and consequently no amendment of the certificate of the clerk could properly be allowed. This proposition seems to have been squarely met by the Kansas supreme court in the case of *Cook et al., v. Challis,* in an opinion rendered June 8, 1895, reported in the 40 Pac. page 643 where the court says:

"It is now too late to amend the certificate, more than one full year having elapsed."

We think this doctrine laid down by the supreme court is sound in principle, as the certificate of the clerk being a necessary step to properly present the record to this court, and the statutes of this Territory providing that the record must be presented to this court within one year from the date of the rendition of the judgment complained of, if the certificate of the clerk is a material and necessary step to present this record, that step must be taken within the time prescribed by law, and any failure so to do cannot be corrected by amendment after the time for presenting the record has expired by limitation of law. It is contended on the part of the plaintiff in error that this is a hardship, because it deprives the plaintiff in error of his right of appeal, on account of the neglect, or omission on the part of the clerk of the district court. This is true only in part, because it is not only the duty of the clerk of the district court to make the correct and legal certificate, but the attorney for the plaintiff in error is charged with the duty of seeing to it, and that all of the steps necessary to present his appeal are properly taken, and all certificates necessary to present a full and complete record to this court are made out and filed in this court, so that this omission of duty is as much the omission of duty on the part of the plaintiff in error, or her counsel, as it is of the clerk of the court. The point is also raised that this motion to dismiss for want of a sufficient record comes too late, after briefs have been filed and the case submitted for decision. We do not think this position is tenable, as we regard, under the laws of this Territory, the certificate of the clerk as a material and necessary step and part of the record, and a part of the record upon which the

jurisdiction of this court is based, without which this court obtains no jurisdiction to review the action of the district court, and it being a jurisdictional question, it may be, in our judgment, raised at any time before final judgment. This seems to be the view taken by the supreme court in the case of *Wade v. Mitchell*, above referred to, because in that case issue had been joined, briefs had been filed, and the cause submitted. No motion was made by either party for a dismissal of the appeal, and no suggestions made of any insufficiency in the record, but the defect in the certificate in that case was discovered by this court on an examination of the record, and this court, of its own motion, dismissed the appeal for want of a sufficient certificate of the clerk to present the record. That being true, we think it must necessarily follow that on motion, this court would deem it proper to consider the question and pass upon it.

As we think the appeal must be dismissed upon the reasons herein stated, it will not be necessary to discuss the case farther, or to pass upon the correctness of the decision of the district court in sustaining a demurrer to the petition.

The appeal is dismissed, costs taxed to the plaintiff in error.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.