FORTUNE v. PARKS *et al.*

No. 1097. Opinion Filed November 14, 1911.

(119 Pac. 134.)

**APPEAL AND ERROR**—Transcript—Sufficiency. Same as that in Wade et al v. Mitchell, 14 Okla. 168, 79 Pac. 95.

(Syllabus by the Court.)

*Error from District Court, Caddo County; G. A. Brown, Judge.*

Action between C. C. Fortune and E. W. Parks and others. From the judgment, Fortune brings error. Dismissed.

*C. H. Carswell,* for plaintiff in error.

*A. J. Morris,* for defendants in error.

WILLIAMS, J. The plaintiff in error seeks to review the judgment of the lower court upon a transcript. The certificate of the clerk is as follows:

"I, Clyde C. Leach, clerk of the district court in and for Caddo county, Oklahoma, hereby certify the foregoing to be true, complete and correct copy of amended petition, amended answer,

motion for judgment on pleadings, motion for new trial, J. E. on motion, motion for second trial, J. E. on motion, in cause No. 978. Parks et al. v. Fortune, as the same appears on file and of record in said court. In testimony whereof I have hereunto set my hand and affixed the seal of said court this 4th day of Sept., 1909. Clyde C. Leach, Clerk, by Sally Sorenson, Deputy. [Seal..]"

Counsel for defendants in error insist that, where a transcript on appeal fails to show affirmatively that it contains "a full, true and correct transcript of the record," the appellate court will not review the alleged errors; that it must appear from the certificate of the clerk that it is a complete transcript. That was the holding of the Supreme Court of Oklahoma Territory in *Wade et al. v. Mitchell,* 14 Okla. 168, 79 Pac. 95, following *Whitney v. Harris,* 21 Kan. 96; *Eckert v. McBee,* 25 Kan. 706; *State v. Ricker,* 40 Kan. 14, 19 Pac. 357; *Neiswender v. James,* 41 Kan. 463, 21 Pac. 573; *Westbrook v. Schmaus,* 51 Kan. 214, 32 Pac. 892.

Section 5939, Compiled Laws of Oklahoma 1909 (section 4308, Statutes of Oklahoma Territory 1893) provides:

"The record shall be made up from the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court; but if the items of account or the copies of papers attached to the pleadings, be voluminous, the court may order the record to be made by abbreviating the same, or inserting a pertinent description thereof, or by omitting them entirely. Evidence must not be recorded."

Rule 16 of this court (20 Okla. xi, 95 Pac. vii) prescribes the form for certification of the transcript by the clerk, the body of which is as follows:

"I, ——————————, clerk of the district court for said county, do hereby certify that the foregoing is a full, true and correct transcript of the record in the above entitled cause."

The brief of the defendants in error, raising the question as to the insufficiency of the record and the verification and certification thereof by the clerk, was filed in this court on August

1, 1910, but counsel for plaintiff in error has taken no steps toward having a complete record brought up.

It follows that the proceeding in error must be dismissed.

All the Justices concur.