## E. G. RALL GRAIN CO. v. FIRST STATE BANK OF McQUEEN.

No. 3252.    Opinion Filed November 18, 1913.

(136 Pac. 744.)

1.    **APPEAL AND ERROR—Certificate to Transcript—Sufficiency:.** Where a case is presented to the Supreme Court on appeal upon a transcript of the record of the court below, the certificate thereto must be full and complete, and specifically show that the record contains a full, true, and complete transcript of the record.

2.    **SAME—Brief—Dismissal.** Rule 25 of this court (38 Okla. x, 95 Pac. viii) is to the effect that the brief of plaintiff in error shall contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts, and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court. A failure to comply, substantially, with the requirements of this rule will result in a dismissal of the appeal.

(Syllabus by Robertson, C.)

*Error from County Court, Harmon County;*
*C. W. King, Judge.*

Action by the E. G. Rall Grain Company against the First State Bank of McQueen, formerly the First State Bank of Looney. Judgment for defendant on demurrer, and plaintiff brings error. Dismissed.

*Tisinger, Clay, Robinson & Hamilton,* for plaintiff in error.

*A. M. Stewart* and *Gray & McVay,* for defendant in error.

Opinion by ROBERTSON, C. The defendant in error has filed a motion to dismiss this appeal for many reasons; the first being that the transcript cannot be considered, for the reason that it is not properly certified. An examination of the certificate discloses that it is not in compliance with rule 16 of this court (38 Okla. viii, 95 Pac. vii), which requires that the certificate shall show that the transcript is "a full, true, and complete transcript of the record." The certificate in question certifies that the transcript is a full, true, and complete copy of certain pleadings, naming each of them. Among the pleadings named is a petition and an amended petition. It is urged that there may have been several amended petitions. It is required by the rule that the certificate should show beyond question that the complete record is before the court, so that no speculation can be indulged in concerning the completeness of the record, or lack of any part thereof.

"Where a case is presented to the Supreme Court on appeal upon a transcript of the record of the court below, the certificate thereto must be full and complete, and specifically

show that the record contains a full, true, and complete transcript of the record." (*Bruce v. Casey- Swasey Co.,* 13 Okla. 554, 75 Pac. 280.)

"Where an appeal is attempted to be taken upon a transcript of the record, the clerk of the court from which the appeal is taken must certify that the transcript contains a true and correct copy of the record of the proceedings of the lower court." (*Makatch v. State,* 5 Okla. Cr. 34, 113 Pac. 200).

"The record must be authenticated by the clerk, and it must appear from his certificate that it is a complete transcript. If the certificate shows less than this, the case will be dismissed." (*Wade v. Mitchell,* 14 Okla. 168, 79 Pac. 95; *Fortune v. Parks,* 29 Okla. 698, 119 Pac. 134.)

"A transcript of the record is not sufficiently authenticated unless the clerk's certificate states. that it contains all the records and proceedings in the case." (*Walcher v. Stone,* 15 Okla. 130, 79 Pac. 771.)

The certificate under consideration, measured by this rule, is insufficient.

The next ground in the motion to dismiss is on account of the failure of plaintiff in error to conform in his brief to the requirements of rule 25 (38 Okla. x, 95 Pac. viii) of this court. It is pointed out that the brief does not comply with this rule: First. That it contains no abstract of the record. Second. Failure to index the abstract, or to make reference, in the abstract or brief, to the pages of the record. Third. Failure to separately state and number the specifications of error. Fourth. Failure of plaintiff in error to set out the amended petition to which the demurrer was sustained. An examination of the brief shows it subject to the criticisms above enumerated.

In *Seminole Townsite Co. v. Town of Seminole,* 35 Okla. 554, 120 Pac. 1098, it was said:

"Rule 25 (38 Okla. x, 95 Pac. viii) is to the effect that the brief of plaintiff in error shall contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts, and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court."

In *Berry v. Woodward,* 38 Okla. 468, 133 Pac. 1127, which is a case directly in point, wherein it was sought to review an order sustaining a demurrer to the petition, it is said by the court, speaking through Mr. Justice Kane:

"As counsel for the plaintiff in error has not complied with rule 25 (38 Okla. x, 95 Pac. viii) of this court by setting forth material parts of the petition against which the demurrer was directed, the court declines to review the question raised. * * * A substantial compliance with this rule is mandatory."

To the same effect, see *Ebey v. Krause,* 35 Okla. 689, 130 Pac. 1100; *Vanselous v. McClellan,* 35 Okla. 505, 131 Pac. 172; *Indian Land & Trust Co. v. Widner,* 35 Okla. 652, 130 Pac. 551; *Arkansas Nat. Bank v. Clark,* 31 Okla. 413, 122 Pac. 135.

The foregoing defects in the briefs and certificate to the transcript have been called to the attention of counsel for plaintiff in error by the brief of defendant in error; but, for reasons not apparent of record, no attempt has been made to answer or explain them, and they therefore stand confessed; the presumption being that the charges are true, and cannot be answered. Such being the case, there is no discretion left for the court to exercise, and the appeal should be dismissed.

By the Court: It is so ordered.