## MANLEY v. HALSELL.

No. 3928.    Opinion Filed September 22, 1914.

(143 Pac. 193.)

APPEAL AND ERROR—Presentation for Review—Certificate to Transcript.  Where a case is presented to the Supreme Court on appeal upon a transcript of the record of the court below, the certificate thereto must be full and complete, and specifically show that the record contains a full, true, and complete transcript of the record.

(Syllabus by the Court.)

*Error from County Court, Craig County;*
*Theo. D. B. Frear, Judge.*

Action by W. E. Halsell against Maude Manley.  Judgment for plaintiff, and defendant brings error.  Dismissed.

*C. T. Atkinson,* for plaintiff in error.

*W. M. Simms* and *Gray & McVay,* for defendant in error.

TURNER, J.  This case comes to this court by petition in error and transcript from the county court of Craig county. The plaintiff in error complains of an order of said court overruling her demurrer to petition of defendant in error.  Motion to dismiss the appeal has been filed, alleging, as grounds therefor, the insufficiency of the certificate of the clerk, and because no proper and sufficient record is presented whereon this court can review the action of the trial court.  The certificate of the clerk to said transcript is as follows:

"State of Oklahoma, County of Craig—ss.:

"I, Jas. F. McCullough, clerk of the county court in and for Craig county, state of Oklahoma, do hereby certify that the above and foregoing 40 pages contain a full, true and correct copy of the case-made in case No. 161 Civil, wherein W. E. Halsell is plaintiff and Maude Manley, defendant, including all papers filed in said cause, clerk's minutes and entries made on the judge's docket, as the same now appears of record in this office.

"In witness whereof, I have hereunto set my hand and official seal this the 1st day of May, 1912.

"[Seal.]                    "Jas F. McCullough,
                    "*Clerk of the County Court.*"

Rule 16 (38 Okla. viii, 137 Pac. x) of this court prescribes the form of certification of the transcript by the clerk, the body of which is as follows:

"I, ——, clerk of the district court for said county, do hereby certify that the foregoing is a full, true and correct transcript of the record in the above-entitled case."

Section 5146, Rev. Laws 1910, states what the record shall contain:

"The record shall be made up from the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments and all material acts and proceedings of the court. * * *"

This court has uniformly held that it will not review the alleged errors, unless it appears from the certificate of the clerk that it is a complete transcript of the record. *Wade et al. v. Mitchell,* 14 Okla. 168, 79 Pac. 95; *Bruce v. Casey-Swasey Co.,* 13 Okla. 554, 75 Pac. 280; *Walcher v. Stone,* 15 Okla. 130; *Fortune v. Parks et al.,* 29 Okla. 698, 119 Pac. 134; *E. G. Rall* *Grain Co. v. First State Bank,* 39 Okla. 788, 136 Pac. 744. The certificate under consideration, measured by this rule, is insufficient. The certificate here states that the "foregoing 40 pages contain a full, true and correct copy of the case-made, * * * including all papers filed in said case, clerk's minutes and entries made on the judge's docket." This is not enough, for this certificate, worded as it is, would not include orders, judgments, or any journal entries made in the court below, and therefore does not certify a complete transcript of the record. The record herein filed with the petition in error cannot be considered as a case-made, for the reason that it has not been signed or settled by the trial judge nor served upon the opposite party.

As more than six months has elapsed since the rendition of the judgment from which the appeal is taken, and as no motion to withdraw the record for correction of the clerk's certificate has as yet been filed, the motion to dismiss is sustained. *Walcher v. Stone, supra.*

It is so ordered.

All the Justices concur.