## HUGHES v. MARTIN.

No. 5597.    Opinion Filed November 10, 1914.

(144 Pac. 356.)

1.  **APPEAL AND ERROR**—Case-Made—Time for Service.  A case-made, not served within the time allowed by law, or extended by a valid order of court, is a nullity, and cannot be considered by the Supreme Court on appeal.

2.  **SAME**—Presentation for Review—Certificate to Transcript.  This court will not review errors assigned upon the record in the absence of a certificate of the clerk showing that the same is a full, true, and correct transcript of the record.

(Syllabus by the Court.)

*Error from County Court, Pawnee County;*
*G. E. Merritt, Judge.*

Action between C. M. Hughes and John Martin.  From the judgment Hughes brings error.  Dismissed.

*Biddison & McCollom,* for plaintiff in error.

*Orton & McNeill,* for defendant in error.

BLEAKMORE, J.  This case presents error from the county court of Pawnee county, and now comes on to be heard upon a motion of defendant in error to dismiss the appeal.

On March 29, 1913, motion for new trial was overruled, and plaintiff in error allowed 90 days in which to prepare and serve a case-made.  Thereafter, on the 25th day of June, 1913, plaintiff in error was allowed an additional 30 days within which to prepare and serve his case, making a total of 120 days from March 29, 1913.  This time expired on the 27th day of July, 1913, and on the following day the trial court entered its order attempting to extend the time an additional 30 days.  This last order of the trial court was void for want of jurisdiction, and the case-made, not being prepared and served within the time allowed by a valid order of the court, is a nullity.  *Campbell v. Ruble,* 40 Okla. 48, 135 Pac. 1050.

OCTOBER TERM, 1914.—Vol. XLIII.          711

The errors assigned cannot be considered upon a transcript of the record, for the reason that the certificate of the clerk is insufficient in that it does not show that the transcript attached to the petition in error "is a full, true, and correct transcript of the record." *Rall Grain Co. v. First State Bank of McQueen,* 39 Okla. 786, 136 Pac. 744.

It follows, therefore, that the motion to dismiss must be sustained; and it is so ordered.

All the Justices concur.