**HOLBERT et al. v. PATRICK et al.**

No. 8995—Opinion Filed Dec. 3, 1918.

Rehearing Denied July 31, 1919.

(176 Pac. 903.)

1. **Appeal and Error—Motion to Vacate Judgment—Bill of Exceptions—Review.**
Where a motion to vacate a judgment and the proceedings thereunder are made a part of the record by bill of exceptions, such proceedings may be reviewed on a transcript appeal unaided by a case-made.

2. **Courts—Rule of Court—Right to Disregard.**
Where a rule of a court provides that demurrers and motions shall not be heard except on certain days, the court cannot, in absence of agreement of counsel so to do, disregard such rule and hear a demurrer prior to the day when it will come regularly on for hearing.

3. **Appeal and Error—Harmless Error—Hearing of Demurrer—Time.**
Where the trial court errs in sustaining a demurrer to a petition to vacate a judgment, because the demurrer is not triable at the day of the hearing, but the petition fails to state sufficient ground for the vacation of the judgment, the error is harmless, and an order sustaining the demurrer and the resulting judgment of dismissal will not be disturbed on appeal.

(Syllabus by Pope, C.)

Error from District Court, Nowata County; W. J. Campbell, Judge.

Suit by Alice Holbert and another against Ed. R. Patrick and another to vacate a judgment. From an order overruling a motion to set aside an order sustaining a demurrer to the petition, plaintiffs bring error. Affirmed.

W. H. Vann, for plaintiffs in error.

Chase & Campbell, and Harris, Howard & Nowlin, for defendants in error.

Opinion by POPE, C. This is an appeal from an order overruling a motion to set aside an order sustaining a demurrer to a petition to vacate a judgment. Before going into the merits of the case, attention is called to the contention that the appeal should be dismissed for the reason that the motion

and the ruling thereon will not be considered on a transcript appeal, but must be presented by case-made. It is very true that this court has held in Whitaker v. Chestnut, 65 Okla. 122, 165 Pac. 160, that a motion to vacate a judgment rendered on such a motion cannot be presented for review on a transcript appeal. The Whitaker Case must be considered authority only for the propositions therein involved and on that alone. It was there held that the motion to vacate was not a part of the record proper, and hence could not be considered on the transcript, but in the Whitaker Case there was neither a case-made nor bill of exceptions. In the instant case there was a course of procedure which is uncommon in this jurisdiction. The losing party prepared, had duly signed, and filed in said cause in the trial court a proper bill of exceptions showing all proceedings on the motion to vacate.

While this procedure is seldom pursued, it is entirely permissible in this and other jurisdictions. Wm. E. Bruce v. Casey-Swasey Co., 13 Okla. 554, 75 Pac. 280. And its effect is to make the motion to vacate said proceedings thereunder a part of the record, a transcript of which brings to this court for review all the proceedings relating to the motion to vacate; therefore the appeal cannot be dismissed.

When the petition to vacate the judgment was filed in the trial court, the defendants in error interposed a demurrer. There was a rule of the district court of Nowata county which provided that motions and demurrers should be heard on Saturday with an exception authorizing settings on other days by order of court. Despite this rule the demurrer was heard, without any order of court therefor, on Monday preceding the Saturday on which it stood regularly for hearing. The only question for determination in this case is: Does the court have the power to thus arbitrarily disregard and set at naught its own rules? Rules of the court are regarded as positive law binding on both court and parties, and as having the effect of statute enacted by the Legislature; by the court of their creation may be amended or repealed, or until such action is taken they stand as a part of the written law of the jurisdiction.

Whether a court may suspend and disregard a rule of its creation is a disputed question, the better doctrine, in our opinion, being that it cannot, and where it is held that the court may disregard the rule or refuse to enforce it, the doctrine is far from unlimited. There is no conflict in the authorities that a court may only suspend its rules when

justice demands such action. 7 R. C. L. p. 1027, and cases cited; State v. Gideon, 119 Mo. 94, 24 S. W. 748, 41 Am. St. Rep. 644.

There is, of course, a wide difference in the character of the various rules of courts. Some are intended merely to produce regularity and order in court proceedings. Rules of appellate courts as to the form of briefs, etc., such rules may well be placed as directory only. There is another class, such as the one under consideration, which stands as notice to all litigants that the court will not act until a certain time, or until certain prior steps are taken. To disregard such rules would be very opposite of the promotion of justice. Such action would be the unwarranted abuse of power. The arbitrary exercise of power condemned by every idea of justice and right. But will the error complained of justify a reversal of the judgment appealed from? The record shows that the judgment was rendered against the plaintiff in error on notes and mortgage. Thereafter a petition to vacate this judgment was filed and a proposed answer attached thereto as an exhibit. In the proposed answer the execution of the notes and mortgage sued on in the sums alleged was admitted, and it was further alleged that the notes had been materially altered without having stated in what particular. The ground for the petition to vacate was alleged perjury, coupled with the further allegations that the notes and mortgage were not introduced in evidence at the trial, and that by reason thereof plaintiff was unable to discover the perjury; hence it appears that the sole ground for the vacation of the judgment raised is the alleged perjured testimony by which it was obtained. This does not warrant the vacation of a judgment. Thigpen v. Deutsch, 66 Okla. 19, 166 Pac. 901.

The petition to vacate the judgment was the petition to which the demurrer above was interposed. Both the petition and the demurrer are in the record in this appeal. After the court had sustained the demurrer and rendered judgment dismissing the petition to vacate, the plaintiff in error made a motion to vacate this last judgment, and from a denial thereof this proceeding in error is brought.

It appears, therefore, that the plaintiffs in error have never made the proper showing required for the vacation of the original judgment. If every fact they have alleged in their petition to vacate the proposed answer in the motion to vacate be true, they are still not entitled to have the original judgment vacated: hence, if we are to reverse this cause, it would be entirely proper

for us to state as the law of the case that it would be the duty of the trial court to sustain the demurrer to the petition to vacate. This being true, a reversal would be a useless thing, as the error above mentioned was entirely harmless.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.