## WALKER et al. v. KING et al.

No. 11499—Opinion Filed Sept. 14, 1920.

(Syllabus by the Court.)

### Appeal and Error—Requisite Proceedings—Filing Petition in Error and Record.

To confer jurisdiction upon the Supreme Court of a proceeding to review a judgment or final order of the district court, the plaintiff in error must, within six months from the rendition of the judgment or order complained of, file with the clerk of the Supreme Court a petition in error, to which shall be attached the original case-made filed in the court below, or a certified transcript of the record of such court.

Error from District Court, Haskell County; E. F. Lester, Judge.

Action between E. R. Walker and others and Isaac M. King and others. From the judgment, the former bring error. Dismissed.

Harrison & Bellew, for plaintiffs in error.

Holley & Means, for defendants in error.

JOHNSON, J. This cause came on to be heard upon a motion to dismiss filed by defendants in error upon grounds among which are the following:

"First. That the original case-made was not attached to the petition in error of the plaintiffs in error.

"Second. That no case-made as required by law was attached to the petition in error of the plaintiffs in error.

"Third. That the purported case-made attached to the petition in error of the plaintiffs in error, does not show that it or any case-made was ever served upon the defendants in error or their attorneys of record: that any notice or waiver thereof was ever given as to the signing and settling of the case-made by the trial judge; that it does not show that the purported case-made or any case-made was ever signed and settled by the trial judge, or that it was ever attested or certified or filed by the court clerk of the district court of Haskell county, Oklahoma, in which court said cause was tried."

These are sufficient grounds for dismissing the appeal. The motion to dismiss appears to have been served upon counsel for plaintiffs in error, and no response has been filed thereto; yet we have examined the record, and find that the same fully sustains these allegations contained in the motion. Therefore, under the provisions of section 5240, Rev. Laws 1910, and the decisions of this court heretofore rendered in Buell v. American Indemnity Co., 72 Oklahoma, 178 Pac. 884; Oil Fields & S. F. R. Co. v. Wheeler, 75 Okla. 9, 180 Pac. 868; Manley v. Halsell, 43 Okla. 402, 143 Pac. 193, the motion to dis-

miss is well taken and must be sustained, and it is accordingly so ordered.

RAINEY, C. J., and KANE, HARRISON, HIGGINS, and McNEILL, JJ., concur.