## CADDY et al. v. WAGNER.

[No. 2460.    Oct. 5, 1920.]

### SYLLABUS BY THE COURT.

Where the clerk of the district court fails to certify the transcript, and appellee, by motion to dismiss the appeal, takes advantage of such omission, the appeal will be dismissed, and the subsequent motion of appellant to withdraw the transcript temporarily for certification will be denied.

Appeal from District Court, Torrance County; Edwin Mechem, Judge.

Action by J. M. Caddy and others against W. W. Wagner. Judgment for the plaintiffs, and defendant appeals. Motion to dismiss the appeal granted.

EDWARD P. DAVIES, of Santa Fe, for appellant.

Curing defect. The signature of the clerk of the lower court to his certificate of the record of appeal may be added even after a motion to dismiss for want of his

signature. Marsoudet v. Clancy, Mann. Unrep. Cas. (La.) 38; 4 C. J. 456.

California.—Hallings v. Duval, 119 Cal. 199, 51 Pac. 335 (holding that the certificate may be amended after the time for filing the transcript has expired); 4 C. J. 456.

Where appellant with leave of the supreme court, furnishes a proper certificate to the transcript, the appeal will not be dismissed because the transcript did not at first contain a proper certificate. Smith v. Inter-Mountain Auto. Co., 25 Ida. 212, 136 Pac. 1125; 4 C. J. 457.

J. J. KENNEY, of Santa Fe, for appellees.

The duty of having a proper record before this court devolves upon the appellant. Baca v. Catron, 24 N. M. 242, 248.

It is the duty of a party resorting to an appellate court to see that his transcript of the record is properly prepared in compliance with the rules of court (2 R. C. L. p. 151). All documents must be properly authenticated by the certificate of the Clerk of the Court. Thus, while the signature of the judge imparts vitality to the bill of exceptions and authorizes it to form a part of the record of the cause, still, when it has become such, it requires the certificate of the clerk of the court, who is the custodian of the records, for its proper authentication as either the original or a transcript thereof. 2 R. C. L., p. 152-3; Moyer v. Preston, (Wyo.) 71 A. S. R. 914; Robinson v. Sawyer, 23 N. M. 688.

It is true, and it has been several times held, that the certificate of authentication may be amended in furtherance of justice to supply defects or omissions, *if applied for in time,* unless the defects are such as affect the jurisdiction of the appellate court. 4 C. J. 456-7.

But we sumbit that the application in this case was not made in due time, and, further, the defect is such

.as to negative a claim of jurisdiction in this court. Blitz v. Brown, *supra;* Robinson v. Sawyer, *supra;* 4 C. J. 456, notes 72 and 73.

In the Robinson case, this court approved the holding in City of Tucumcari v. Belmore, 18 N. M. 331, 137 Pac. 585, to the effect that where the certificate of the trial judge to an alleged bill of exceptions is not certified to by the Clerk of the Court and is not shown to have been filed in the clerk's office, neither the alleged bill of exceptions to which it relates nor the said certificate will be considereded by this court. In other words, this court adopted the same rule as stated in 2 R. C. L., p. 152-3, cited *supra.*

See also: State ex rel. Baca v. Board of County Commissioners, 21 N. M. 713.

The certificate must be signed, in order that the transcript may be considered on appeal. Blitz v. Brown, 7 Wash. 693, 4 C. J. p. 455, Sec. 2175.

### OPINION OF THE COURT.

RAYNOLDS, J. This is a motion to dismiss the appeal upon the ground that the transcript of record is not certified by the clerk of the district court. Subsequent to filing this motion to dismiss, the appellant filed a motion to withdraw the transcript of record temporarily for the purpose of having the same further signed and sealed by the clerk. There are two certificates upon the last page of the transcript of record, the first one being to the effect that—

"The foregoing 123 pages of typewritten matter contain a true and correct transcript of the record and proceedings in the above-entitled case as called for by the praecipe filed in said cause, all as appearing of record in my office.

"In witness whereof, I have hereunto caused my seal to be hereto affixed this 11th day of December, A. D. 1919."

This certificate is not signed, nor is the seal of the court attached. Following this certificate is another one certifying as to the costs in the case, which is signed and the seal of the court attached thereto.

It will thus be seen that the transcript of record is not certified under the seal of the district court, and we have nothing properly before us upon which this court can act. Without a properly certified transcript of record from the court below, this court cannot pass upon the question presented. As said in Moyer v. Preston, 6 Wyo. 308, 44 Pac. 845, 71 Am. St. Rep. 914, at page 925 of 71 Am. St. Rep., at page 326 of 6 Wyo., at page 850 of 44 Pac.:

"*  *  * It requires the certificate of the clerk of the court, who is the custodian of the records, to properly authenticate it as either the original or a transcript thereof. How is this court to know that any paper is one of the originals filed in the cause in the court below, unless that fact is certified to by the clerk? We may recognize the signature of the judge appended to a bill by reason of the personal familiarity of one or more of the justices composing this court with such signature, but we are not in a position to conclude that the paper, thus seeming to be signed by the proper judge, was ever filed or ever became a part of the record, or is in the condition it was when signed, unless the same is authenticated by the officer whose duty it is to file and preserve the same."

The duty of having a transcript properly prepared and filed rests upon the appellant or plaintiff in error. Baca et al. v. Unknown Heirs, 20 N. M. 1, at page 5, 146 Pac. 945, Ann. Cas. 1918C, 612.

This court has held that the certificate of the trial judge to the alleged bill of exceptions must be certified by the clerk, and shown to have been filed in his office. City of Tucumcari v. Belmore, 18 N. M. 331, 137 Pac. 585. It has also held that the transcribed notes of the stenographer, certified by the trial court under the provisions of section 4493, Code 915, must also be shown to have been filed by the clerk, and by his certificate to that effect made a part of the record. Robinson v. Sawyer, 23 N. M. 688, 170 Pac. 881.

In this case the transcript of record was filed December 30, 1919, and the motion to dismiss March 10, 1920, the appellant in the meantime having failed to have his transcript properly certified, and having filed his brief in chief.

The appellant, although not conceding that the transcript is not properly certified, moved the court to allow him to withdraw the same temporarily, ''for the purpose of having it further signed and sealed by the clerk.'' This motion comes too late, as the appellee has taken advantage of the omission by his motion to dismiss. It may be urged that such a rule as the one invoked here is harsh, but, as stated in Walcher v. Stone, 15 Okl. 130, 135, 79 Pac. 771, at page 772:

"It is contended on the part of the plaintiff in error that this (the dismissal of the appeal) is a hardship, because it deprives the plaintiff in error of right of appeal, on account of the neglect ,or omission on the part of the clerk of the district court.. This is true only in part, because it is not only the duty of the clerk of the district court to make the correct and legal certificate, but the attorney for the plaintiff in error is charged with the duty of seeing to it, and that all of the steps necessary to present her appeal are properly taken, and all certificates necessary to present a full and complete record to this court are made out and filed in this court, so that this omission of duty is as much the omission of duty on the part of plaintiff in error, or her counsel, as it is of the clerk of the court."

The motion to dismiss is therefore granted; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.