## CHAMPION OIL CO. v. BURKE.

No. 12062—Opinion Filed May 29, 1923.

(Syllabus.)

**Appeal and Error—Review—Insufficiency of Transcript.**

Where a transcript on appeal fails to show affirmatively that it contains a true, full, and complete copy of all the proceedings on the trial which are properly a part of the record, this court will not review alleged errors. W. A. Wade et al. v. Edward F. Mitchell, 14 Okla. 168, 79 Pac. 95.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action between H. Burke and the Champion Oil Company. From the judgment, the latter brings error. Dismissed.

H. C. Whipperman, for plaintiff in error.

P. E. Gumm and Branson, Alcorn & DeWitt, for defendant in error.

KENNAMER, J. The defendant in error has filed motion to dismiss the appeal herein because the transcript is not properly certified. This appeal is attempted to be prosecuted on transcript of the record, and the certificate of the clerk is as follows:

"I, L. D. Martin, court clerk within and for Muskogee county, state of Oklahoma, do hereby certify that the above and foregoing transcript is a true and correct transcription of petition, affidavit for attachment, order and writ of attachment, answer, motion for judgment on the pleadings, journal entry of judgment, and supersedeas bond, and the same remains on file and of record in the above entitled case in my office. Dated at my office at Muskogee, Oklahoma, this the 11th day of February, 1921.

"L. D. Martin, Court Clerk.

"By W. H. Ballard, Deputy Court Clerk. (Seal.)"

Rule 17 of this court provides that the certificate of transcript may be certified by the court clerk, substantially in the following form:

"State of Oklahoma, County of————
"I————————, court clerk for said county, do hereby certify that the foregoing is a full, true and correct transcript of the record in the above entitled cause.

"In testimony whereof, I have hereunto set my hand and seal of this court this— day of————19—.
"————————. Court Clerk."

In the case of Wade et al. v. Mitchell, 14 Okla. 168, 79 Pac. 95, it was held:

"Where a transcript on appeal fails to show affirmatively that it contains a true, full, and complete copy of all the proceedings on the trial which are properly a part of the record, this court will not review alleged errors."

The rule in this case was approved in the case of Fortune v. Parks et al., 29 Okla. 698, 119 Pac. 134.

It is clear, under the authority of these cases, that the certificate in the instant case is insufficient. and the appeal is dismissed.

All the Justices concur.