**KENNEY v. NEUMEYER et al.**

No. 24393.   March 5, 1935.

Clark and Jack Nichols, for plaintiff in error.

E. J. Van Court and John W. Primrose, for defendants in error.

PER CURIAM. This case is before this court on a transcript of the record which contains no signed judgment, but contains merely unsigned minutes by the court reciting that the demurrers to the amended petition were sustained and exceptions allowed, and that thereupon plaintiff refused to plead further and the court rendered judgment for defendants, to which plaintiff excepts and gives notice of appeal "all as per journal entry."

The clerk's certificate to the transcript merely recites that the papers included therein "are true and correct copies of the originals on file in my office in the above-styled and numbered case and of the record in the above-entitled cause."

It is the duty of the court to determine the question of its jurisdiction of its own motion, and it will not ignore a want of jurisdiction because the question is not raised or discussed by either party. Jones & Spicer v. Advance-Rumley Thresher Co., Inc., 157 Okla. 67, 10 P. (2d) 724, and cases cited.

The transcript does not disclose any signed journal entry, nor anything further than these minutes in regard thereto. Section 432, Okla. Stats. 1931, provides:

"All judgments and orders must be entered on the journal of the court and specify clearly the relief granted or order made in the action."

Sections 433-436 provide for the making up of the record after which it shall be subscribed by the presiding judge.

This court has held in numerous cases that where a case-made does not affirmatively show that the judgment appealed from has been entered on the journal of the trial court, there is nothing before this court for review and the appeal will be dismissed. Butler v. Butler, 124 Okla. 245, 255 P. 580. If the statute is not complied with and the judgment appealed from is not properly disclosed by the record, there is nothing upon which this court can base jurisdiction. Malaski v. Farris, 93 Okla. 81, 219 P. 323. We are not unmindful of the decisions in Ashinger v. White, 106 Okla. 19, 232 P. 850, and Grand Lodge of Brotherhood of R. R. Trainmen v. Scott, 135 Okla.

74, 274 P. 27. Those cases came up on case-mades settled and signed by the trial judge. This case comes up on a transcript which fails to disclose the signature or even the name of the trial judge.

The certificate of the clerk does not affirmatively show that the transcript contains a true, full, and complete copy of all the proceedings below which are properly a part of the record. Such certificate is insufficient. Champion Oil Co. v. Burke, 90 Okla. 33 215 P. 756; Hughes v. Martin, 43 Okla. 710, 144 P. 356.

The appeal is dismissed.

The Supreme Court acknowledges the aid of Attorneys A. B. Honnold, A. M. Widdows, and C. H. Rosenstein in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Honnold and concurred in by Mr. Widdows and Mr. Rosenstein, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of this court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.